**STATE of Missouri,
Plaintiff-Respondent,**

*v.*

**Stephen McCOY, Defendant-Appellant.**

No. 38757.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 15, 1977.

James W. Whitney, Jr., Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant appeals from a judgment of conviction entered by the circuit court of the City of St. Louis, on a jury verdict finding him guilty of robbery in the first degree by means of a dangerous and deadly weapon, and a sentence of 12 years in the custody of the Missouri Department of Corrections imposed by the court, §§ 560.120, 560.135 and 556.280, RSMo1969.

Defendant does not challenge the sufficiency of the evidence; therefore, only a brief summary of the facts is presented. On July 10, 1976, defendant was apprehended shortly after the robbery of Edmunds Sales and Service station in St. Louis. The robbery took place during the late evening hours when a man entered the station and held the attendant, Vincent Roberson, at gunpoint. Roberson later identified the defendant as the perpetrator.

Originally an indictment was filed, but subsequently replaced with a substitute information. The record indicates that several witnesses were endorsed on the indictment and again on the information, including Vincent Roberson, the victim, and Paul Nobles, a second attendant on duty at the service station at the time of the robbery.

Paul Nobles was called as a witness by the state. Defense counsel objected alleging his name was not listed on the response to defendant's discovery request pursuant to Rule 25.32(A)(1). A short voir dire of Mr. Nobles was conducted, but defense counsel did not request an opportunity to question Mr. Nobles. Nobles was allowed to testify over the objection of the defense counsel. On direct examination Mr. Nobles did not identify the defendant. However, on cross-examination, Nobles identified the defendant as the perpetrator. Defense counsel again objected to his testimony, repeating his initial objection of no discovery. The circuit attorney contended he complied fully with discovery, and alleged the inculpating testimony was adduced on cross-examination. The court overruled defense objection stating defense counsel had notice of Mr. Nobles, and ample time to interview him as his name was endorsed on both the indictment and the substitute information.

On appeal, defendant contends the trial court erred in allowing Nobles to testify because his name did not appear on the state's response to his discovery request pursuant to Rule 25.32(A)(1).

Whatever the merits of defendant's contention may be, we are unable to review this issue. The record is absent of either the request for discovery, or the state's response thereto. With conflicting allegations on the part of the defense counsel and the circuit attorney, we are unable to view the extent to which the state complied with the discovery request. It is well settled that in order for an appellate court to re-

view an alleged error below, the appealing party must prepare and file a record incorporating the basis for the alleged error. *Davis v. Long,* 521 S.W.2d 7 (Mo.App.1975). See Rules 81.12(b) and 81.14 made applicable to criminal cases by Rule 28.18, V.A. M.R. We hold that defendant has not met his burden because he failed to bring forward the record showing the alleged error; therefore, there is nothing for this court to review. *State v. Clark,* 522 S.W.2d 332 (Mo.App.1975).

Accordingly, judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.