STATE of Missouri, Respondent,

v.

Danny Ray WOLFE, Appellant.

No. KCD 29472.

Missouri Court of Appeals,
Kansas City District.

July 3, 1978.

Motion for Rehearing and/or Transfer
Denied July 31, 1978.

Tim L. Warren, John Warren, St. Joseph, for appellant.

John D. Ashcroft, Atty. Gen., Gregory W. Schroeder, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Danny Wolfe was convicted of burglary second degree and stealing, §§ 560.070 and 560.156, RSMo 1969. He was sentenced to ten years imprisonment for the burglary and five years for the stealing, the sentences to run concurrently.

On this appeal Wolfe complains of the admission of certain evidence, the leading nature of the prosecutor's interrogation, refusal to suppress a radio scanner and the failure to give an instruction. Affirmed.

Wolfe does not question the sufficiency of the evidence to sustain his conviction, so a brief statement of the evidence will suffice. In July, 1976, a physician's office in St. Joseph was entered through a hole in the wall. A quantity of drugs was taken. Prior to the burglary and stealing the St. Joseph police had received a tip that one Oliphant was going to be involved in the burglary of a drug store or physician's office within the coming week. Acting on this tip, the police instituted surveillance of Oliphant's house. On the night the physician's office was entered, police officers engaged in the surveillance saw Oliphant and Wolfe leave the Oliphant house in an automobile about 10:00 p. m. The officers followed this automobile, but lost it. The officers then returned to the Oliphant house to resume their surveillance. About 11:00 p. m. they observed the Oliphant automobile return with several men in it. The automobile entered an alley to the rear of the house and was parked in the back yard with the trunk nearest the house. The officers observed Wolfe walking from the direction of the car toward the back door of the house. After observing boxes in the trunk which appeared to contain pharmaceutical plastic bottles, the officers arrested Oliphant, Heitman and Wolfe.

Evidence introduced at Wolfe's trial revealed a plaster residue on the clothing of Heitman and Oliphant which matched the material knocked from the wall of the physician's office. Pillow cases found in the office contained a number of hairs. A forensic chemist testified the hairs from the pillow cases matched a sample of hair taken from Wolfe.

At the time the three were arrested they were found to be wearing overalls and cotton gloves, even though the evening was warm.

■ On this appeal, Wolfe first complains of the admission in evidence of two pillow cases from which hairs were taken which matched samples from his hair. The complaint here rests on the production of two pillow cases at the trial when Wolfe's counsel contends he had only been informed of the existence of one pillow case. He now contends this constituted a failure on the part of the State to make production as required by Rule 25.32.

When the chemist produced the second pillow case, no objection was made to the introduction of such pillow case nor was any objection made to the testimony of the chemist concerning comparison of the hairs taken from both pillow cases and the sample from Wolfe. The first objection made on the ground now alleged appeared in the motion for new trial. Because the specific objection now raised was not made at trial, such question is not preserved for appellate review. *State v. Franco*, 544 S.W.2d 533, 537[7] (Mo. banc 1976).

■ Wolfe next objects to a question propounded to one of the police officers by the prosecuting attorney in which the prosecutor inquired if the officer had not gone to the prosecutor's office the day following the arrest to correct his report to indicate Wolfe had been observed in the back yard of the Oliphant home the night of the arrest. At trial the only objection made to this question was that it was leading and self-serving. On this appeal Wolfe seeks to expand that objection by stating the State again failed to make full disclosure because counsel had not been informed changes were made in the police report. As indicated above, the only objection which can be considered in this appeal is that made to the trial court. As to the only objection preserved for review, "The approval or disapproval of leading questions is largely discretionary with the trial court and will not constitute reversible error unless there is an abuse of discretion." *State v. Todd*, 372 S.W.2d 133, 137[9, 10] (Mo.1963). No effort is made to demonstrate an abuse of discretion in this case but rather the objection is largely pitched on the claimed failure to make disclosure. Wolfe has not demonstrated either an abuse of discretion or any prejudice resulting from this question and none is discerned.

Wolfe next complains the court erred in admitting a police scanner in evidence over Wolfe's objection that the scanner had been seized as the result of an illegal search and seizure. The scanner was taken from the Oliphant house the day following the arrest pursuant to a search warrant which concededly did not mention the scanner. Wolfe filed a motion to suppress evidence prior to trial, but the motion did not list any specific items which were sought to be suppressed. A rather lengthy hearing on this motion was held but the scanner was not mentioned.

■ Under the rule followed in this state, it was incumbent upon Wolfe to file a motion to suppress the controverted evidence and also to present evidence to sustain his contention. *State v. Yowell*, 513 S.W.2d 397, 402[1, 2] (Mo. banc 1974). In this case Wolfe failed to mention the scanner in either his motion or in the evidence in support. Wolfe thereby failed to sustain his burden to produce evidence to support his contention that the scanner was illegally seized.

■ In addition to the illegal seizure, Wolfe objected to the introduction of the scanner on grounds it was immaterial and irrelevant to any issue in the trial. It is within the trial court's discretion to determine the materiality and relevancy of any evidence. *State v. Martin*, 530 S.W.2d 447, 452[18, 19] (Mo.App.1975). Again Wolfe fails to demonstrate any abuse of discretion and none is found.

■ Wolfe finally contends the court erred in failing to give either MAI-CR 2.12 or MAI-CR 2.14 when it gave MAI-CR 2.10. The instruction given informed the jury that all persons are guilty who knowingly act together with the common purpose of committing an offense. Instructions 2.12 and 2.14 are verdict directors with 2.12 covering those who are active participants and who participate as principals, while 2.14 is limited to those who aid or encourage others.

In this case there was evidence from which the jury could find that Oliphant and Heitman participated in the breaking and entering along with Wolfe. The instructions given by the court required the jury to find that Wolfe broke into the building with intent to steal property kept therein and that Wolfe committed the crime of burglary and thereafter stole drugs kept in the building. This case is very similar to *State v. Timley*, 541 S.W.2d 6 (Mo.App. 1976). In *Timley* this court held the scheme of MAI-CR contemplates that 2.12 or 2.14 should be given in conjunction with 2.10. This court held the giving of 2.10 without, in that case, 2.12 was error but it was not prejudicial. This court found a lack of prejudice because the evidence shows more than one person was involved in the burglary and the jury was required to find the defendant actively participated in order to find him guilty.

The same facts are present in this case. The evidence showed Oliphant and Heitman were involved in the burglary and the instructions required the jury to find that Wolfe actively participated in the burglary and the stealing. Under the holding in *Timley*, the failure to give either 2.12 or 2.14 was not prejudicial.

The judgment is affirmed.

All concur.