Frederick Tyrone GANT, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 29413.

Missouri Court of Appeals,
Western District.

Jan. 29, 1979.

Kevin R. Locke, Asst. Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge Presiding, PRITCHARD, J., and WELBORN, Special Judge.

PER CURIAM:

On April 22, 1971, Appellant, by jury, was convicted of first degree murder. Sentence was affixed at life imprisonment. Appellant's conviction and sentence were affirmed on direct appeal, State v. Gant, 490 S.W.2d 46 (Mo.1973), and reference to that decision makes recitation of the facts herein unnecessary.

On September 6, 1976, Appellant filed a motion to vacate his sentence under Rule 27.26. On December 16, 1976, Appellant filed an amended petition under Rule 27.26.

Appellant was represented by learned counsel and an evidentiary hearing was held on December 20, 1976 upon the amended motion, at the conclusion of which the trial court made findings of facts and conclusions of law satisfying the rule in *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978).

Appellant raised three points on appeal.

## I

 Denial of due process and equal protection, occasioned by the use of hearsay testimony.

This point may be summarily dispensed with, for in Appellant's brief he admitted and agreed that the ruling upon this question by the trial court was accurate.

Appellant's first point is without merit.

## II

■ Denial of effective assistance of counsel through counsel's failure to object to such hearsay.

After a lengthy hearing, upon Appellant's amended motion wherein counsel for Appellant, the prosecuting attorney and an additional state witness were examined by Appellant's counsel, the record clearly shows the out-of-court statement was unknown to counsel until after this case had been determined on direct appeal.

■ The question raised by Appellant's second point is not supported in the record of the 27.26 hearing. At most, the failure to object was trial error, which is a matter for direct appeal and does not support Appellant's contention for post-conviction relief.

Appellant's second point is without merit.

## III

Denial of due process through the use of perjured testimony.

■ While the court must ever safeguard the right of due process and especially its violation by use of perjured testimony, Appellant has the burden to prove that the testimony upon trial was deliberately false and known to be false, that the prosecution used the testimony and that the conviction was secured on account of the perjured testimony. *Duncan v. State,* 520 S.W.2d 123 (Mo.App.1975).

The record clearly shows that defense counsel did not even learn of the statement (the alleged perjury) until months after the decision on appeal. Further, counsel for Appellant during the 27.26 hearing examined the police officer, who, upon oath, denied he had lied upon the trial of the case. He further explained the use of photographs and "line up" identification of the Appellant by an eyewitness in the case. Examination of the prosecutor also revealed that while he was surprised by the testimony, he did not attribute any implication of falsehood to the testimony.

■ Appellant has failed to prove that the testimony was deliberately false, that the prosecution used the testimony knowing it to be false and that his conviction was obtained by its use, thus failing to meet the standard required in *Duncan v. State, supra.*

Affirmed.