Danny Ray WOLFE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31209.

Missouri Court of Appeals,
Western District.

March 2, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 30, 1981.

Application to Transfer Denied
May 11, 1981.

Ralph W. Hicks, St. Joseph, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

MANFORD, Presiding Judge.

This is an appeal from a judgment denying post-conviction relief pursuant to a Rule 27.26 motion. The judgment is affirmed.

Appellant was convicted for burglary, second degree, and stealing. He was sentenced to concurrent sentences of ten and five years. The judgment was affirmed, see *State v. Wolfe*, 570 S.W.2d 694 (Mo.App. 1978). Appellant filed a pro se 27.26 motion, which was amended after appointment of counsel. An evidentiary hearing was held following which the trial court entered findings of fact and conclusions of law. The rule in *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978) has been satisfied.

Appellant presents five points on appeal, all of which allege the trial court erred in not finding that he (appellant) was denied effective assistance of counsel for (1) failure of trial counsel to object to certain evidence, to wit, a box of pills, allegedly obtained by an illegal search and seizure; (2) failure of trial counsel to object to certain evidence, to wit, hair samples taken from appellant against his will in violation of his constitutional protection against self-

incrimination; (3) failure of trial counsel to object to certain evidence, to wit, a pillowcase containing a hair sample of appellant, because said evidence had not been disclosed during pretrial discovery; (4) failure of trial counsel to object to certain testimony of a state witness and (5) failure of trial counsel to suppress certain physical evidence during trial.

Points (2), (4) and (5) are taken up first because each is summarily disposed of upon the same basis even though this court, in addition thereto, references an ex gratia consideration of each point.

■ Point (2) above was not advanced as a claim either in appellant's pro se motion or his amended motion as required by Rule 27.26(c). Appellant premises his postconviction relief upon ineffective assistance of counsel and only those grounds presented in a 27.26 motion and determined by the trial court are reviewable, see *Myrick v. State*, 507 S.W.2d 42 (Mo.App.1974); *Jackson v. State*, 537 S.W.2d 211 (Mo.App.1976) and *Coleman v. State*, 542 S.W.2d 53 (Mo.App.1976). Such failure by appellant suffices to rule the point against appellant. This court, however, has reviewed the matter ex gratia. Appellant contends that the securing of a hair sample from his head, while incarcerated, violated his constitutional safeguard against self-incrimination. Appellant also contends that the securing of these hair samples was the product of an illegal arrest, illegal search and illegal seizure. There is no evidence to support appellant's allegation of an illegal arrest. In fact, this challenge was made and found to be without merit, see *State v. Heitman*, 589 S.W.2d 249 (Mo.banc 1979). *Heitman* was the appeal from the judgment of conviction of appellant's companions. Appellant's claim that his constitutional protection against self-incrimination was violated in securing the hair samples is equally found to be without merit. The securing of the hair samples (even without a warrant and against the will of an accused in custody) has been held to be only a slight intrusion

and does not violate the Fourth Amendment of the Constitution of the United States, see *U.S. v. D'Amico*, 408 F.2d 331 (2nd Cir. 1969) and *Grimes v. U.S.*, 405 F.2d 477 (5th Cir. 1968). The securing of the hair samples did not violate constitutional due process. It does not follow, as appellant argues, that the introduction of the hair samples thus violated his Fifth Amendment protection against self-incrimination.

■ Appellant further alleges that his trial counsel should have objected to such evidence, and that his counsel's failure to do so amounted to ineffective assistance of counsel. Counsel is not to be held ineffective for failing to make a nonmeritorious objection, see *Brown v. State*, 589 S.W.2d 368 (Mo.App.1979) and *Tollison v. State*, 556 S.W.2d 455 (Mo.App.1977). The most recent standard by which effectiveness of counsel is to be determined is that prescribed in *Seales v. State*, 580 S.W.2d 733 (Mo.banc 1979). Counsel's failure to object to the introduction of the hair samples did not fail to meet the standard in *Seales, supra*. Point (2) is ruled against appellant.

■ Point (4) falls to the same fate as point (2) above in that appellant did not advance his claim in either his pro se or amended motion as required by Rule 27.-26(c). See also *Myrick, Jackson* and *Coleman, supra*. The review of this point ex gratia reveals that the issue was raised and ruled upon in the direct appeal of this case, by noting the objection was not broad enough to raise the issue, see *State v. Wolfe, supra*.

■ Rule 27.26, even under the charge of ineffective assistance of counsel, is not available for a second review of alleged trial errors, see *Jones v. State*, 604 S.W.2d 607 (Mo.App.1980) and *Gant v. State*, 577 S.W.2d 142 (Mo.App.1979).

Appellant, concerning this alleged error, claims that his counsel should have objected to the testimony of two police officers because their testimony included their obser-

vation of appellant walking across the backyard of the residence where he was arrested. The police report, prepared by these same officers and provided appellant prior to trial, did not include this information. Appellant now argues that since his counsel failed to object to the officer's testimony on this point, counsel was ineffective. This allegation has no merit. Further, the allegation as charged in this 27.26 proceeding contains critical misstatements of facts. Appellant charges that the officers testified they changed the report. The record fails to support this allegation. In fact, one officer directly stated that no modification of the report occurred. In addition, appellant claims in his brief that the officers' observation of appellant in the backyard was "a new revelation by the officers". Appellant argues that this prevented him from having proper opportunity to prepare a defense. The record simply fails to support appellant's contention, and in fact, one of the officers at the pretrial suppression hearing testified to observing appellant walking across the yard. The record further reveals that during the trial, appellant's counsel attempted to impeach the testimony of the officers by cross-examination. It is evident from the record that impeachment by cross-examination was trial strategy and was, in fact, dutifully performed by trial counsel. The performance of counsel in line with acceptable and recognized trial strategy methods certainly does not violate the standard for counsel prescribed in *Seales*. Point (4) is ruled against appellant as being without any merit.

■ Point (5) contains the same flaw as did points (2) and (4) in that appellant did not advance his claim in either his pro se or amended motion as required by Rule 27.-26(c), see *Myrick, Jackson* and *Coleman, supra*. The review of this matter ex gratia, however, reveals that inherently, it has no merit. Appellant alleges that his counsel was ineffective because he (counsel) failed to object to the introduction of certain physical evidence. The evidence consisted

of two screwdrivers. These items were seized by the police at the time of arrest. This allegation has never been, prior to this appeal, premised upon ineffective assistance of counsel. Appellant's argument attacked the prosecutor, charging that the prosecutor had, in effect, manufactured false evidence by marking the screwdrivers. These screwdrivers had, in a previous hearing involving a charge for possession of burglary tools, been suppressed because of the failure to establish a chain of custody and proper identification by the testifying officer. The charge of possession was nolle prossed. The problem of identification stemmed not from the items themselves (at the hearing on possession), but from the state's failure to produce the witness to properly identify them.

Upon the trial of the instant charges, these items were positively identified by the arresting officer and the laboratory expert. This testimony established sufficient identification of the screwdrivers. Initial challenge was made to the introduction of these screwdrivers on the grounds of an illegal search and seizure. No objection was made on the basis of chain of custody or identification. The record reveals no merit to the contention that the screwdrivers were obtained and therefore the result of an illegal search and seizure.

■ Appellant attacks his counsel for failing to object to a chain of custody being established. There is no need to establish a chain of custody in those instances where evidence is subject to direct and positive identification, see *State v. Davis*, 572 S.W.2d 243 (Mo.App.1978) and *State v. Granberry*, 484 S.W.2d 295 (Mo.banc 1972). Appellant's contention that his counsel should have objected, and that failure to do so amounted to ineffectiveness, would have required counsel to object to an irrelevant matter. Although respondent could not establish a chain of custody at the time of the hearing on the possession charge because of the particular witnesses tendered, respondent could and did establish a proper identi-

fication regarding the two screwdrivers upon the trial of the instant charge.

The record further shows that a stipulation existed between the parties which indicated that respondent agreed to dismiss the charge of possession of burglary tools in exchange for a withdrawal of objection to the chain of custody. The failure to object to the chain of custody was a matter of trial strategy and was well within the standard required of counsel prescribed by *Seales.* There is no merit to appellant's point (5) and it is ruled against him.

Attention is now directed to point (1), wherein appellant argues the trial court erred in not declaring his counsel ineffective because his counsel failed to object to the introduction of a box of pills into evidence. The boxes of pills referred to were drug items that had been identified as having been taken during the burglary. These drug items were taken into custody by the arresting officers near an automobile parked in the yard of the residence where the arrest was made. The drug items were not taken from appellant, but were taken from the ground after the items had been dropped by appellant's companions. Appellant contends that he had standing to object to these evidentiary items because he was charged with stealing the items, and they were removed from an automobile in the yard of the residence where appellant was present. Appellant further claims that since he had standing to object, the failure of his counsel to do so was tantamount to ineffective assistance of counsel.

■ The evidence fails to support appellant's contention that the items were removed from an automobile. The evidence shows that the items were dropped by appellant's companions following the order of the police that appellant's companions were under arrest. Actually, the items were seized from appellant's companions, not the appellant.

Appellant invokes the "automatic standing" rule announced in *Jones v. U.S.,* 362

U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) and *Brown v. U.S.,* 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973). While *Jones v. U.S., supra,* first announced the rule, appellant overlooks certain important elements in regard to the rule as applicable to the instant case. First, *Jones v. U.S., supra,* was later referred to in *Brown v. U.S., supra,* and the rule was construed applicable only to offenses charging possession of the seized evidence at the time of the contested search and seizure. Appellant was charged and convicted of burglary second degree and stealing. Possession was not an element of those offenses.

In addition, the "automatic standing rule" has been abrogated, see *U.S. v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). *Salvucci* overrules *Jones v. U.S., supra,* and holds that persons charged with crimes, an element of which is possession, can only avail themselves of a Fourth Amendment protection if the illegal search and seizure is personal to them. Stated another way, *Salvucci* declares that an accused cannot invoke the Fourth Amendment where the illegal search and seizure is of another's person or property, see also *Rakas v. Illinois,* 439 U.S. 128, 133, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978) and *State v. Drake,* 512 S.W.2d 166, 170 (Mo. App.1974).

Although abrogated, the "automatic standing rule" was applicable to the instant proceedings at the time of trial and appeal. The rule, however, is not available to appellant because of *Brown v. U.S., supra.* Appellant was not charged with possession. In addition, appellant's argument is postured upon an assumption that the search and seizure were illegal. In addition to the lack of any evidentiary support for such claim, this issue was ruled upon by our state Supreme Court when it concluded there was probable cause to arrest appellant's companions which justified the search and seizure incidental to those arrests, see *State v. Heitman, supra.*

As the record shows, at the time of trial and appeal of the instant proceedings, there

existed no valid basis for an objection to the offer of the questioned evidence. The standard prescribed in *Seales* does not require meritless objection by trial counsel, see also *Brown v. U.S.* and *Tollison v. State, supra.* The failure of appellant's counsel to object to the evidence did not amount to ineffective assistance of counsel. Appellant's point (1) is found to be without merit and is ruled against him.

In his final point (3), appellant alleges ineffective assistance of counsel upon his trial counsel's failure to object to certain evidence; to wit—a pillowcase containing a hair sample of appellant—because said evidence had not been disclosed during pretrial discovery. This point centers upon the introduction of two pillowcases into evidence. One of the pillowcases contained hair samples that matched the hair of appellant. This precise issue was raised and considered on direct appeal, see *State v. Wolfe, supra.* The ruling on appeal was that since no specific objection was made at trial, the matter was not preserved for appellate review, *State v. Wolfe, supra,* 570 S.W.2d at 695. Appellant now claims that his counsel was ineffective upon failing to object, thus denying appellant the opportunity to preserve the matter for review. Respondent urges that since this issue was once raised and rejected on appeal, the matter cannot again be litigated by way of a 27.26 motion. Although this argument is sound as a general rule, it does not meet the precise contention of appellant herein. This appellant is alleging that since his counsel did not object to the introduction of certain evidence linking him (appellant) to the scene of the crime, he was denied the opportunity to preserve the point for appellate review. He alleges that the failure of his counsel to timely object to the evidence amounted to ineffective assistance of counsel. If there is merit to appellant's contention, then the issue was not one raised and rejected on appeal and thus prohibited under Rule 27.-26.

■ Appellant's contention fails for two reasons. First, appellant makes the asser-tion that respondent failed to disclose the existence of two pillowcases during and pursuant to pretrial discovery procedures. There is no evidentiary basis in the record to support appellant's allegation that respondent failed to comply with the rules of discovery. This allegation was first raised in appellant's motion for new trial. As respondent points out, these allegations are not self-proving. See *State v. Pence,* 428 S.W.2d 503 (Mo.1968) and *State v. McMillin,* 581 S.W.2d 612 (Mo.App.1979). It has also been held that even if the issue had been properly preserved, no relief is afforded unless the original trial transcript supports a finding that the state failed to comply with the rules of discovery. *State v. McCoy,* 559 S.W.2d 298 (Mo.App.1977).

■ The disposition of this alleged error really turns upon a matter other than the alleged discovery violation. Appellant contends his counsel should have objected to the introduction of two pillowcases and most strongly attacks the failure to disclose more than one pillowcase. The record disposes of appellant's claim. Trial counsel *extensively* cross-examined the expert forensic chemist who related to the court his observations concerning the hair samples found on the pillowcases. That cross-examination revealed that counsel had a copy of this expert's report. The examination also revealed that counsel was aware of the two pillowcases. Counsel used the information concerning the two pillowcases to establish (1) that the expert could not identify from which pillowcase the hair samples were taken; (2) when the hair samples were affixed to the pillowcases; (3) that the hair samples could have been affixed from someone sleeping on the pillowcase and (4) that the matching of hair samples is not a positive identifying factor because of a variance factor involved when comparing hair samples. Counsel was obviously employing an acceptable method of trial strategy to cross-examine the expert witness regarding the pillowcases and the hair samples. The strategy employed produced inconsistencies in the

expert's testimony. This procedure does not violate the standard prescribed by *Seales, supra.* Trial strategy is not a basis for the finding of ineffective assistance of counsel. *Cook v. State,* 511 S.W.2d 819 (Mo.1974). The fact that counsel did not object to the introduction of this evidence did not, under the facts and circumstances herein, amount to ineffective assistance of counsel. Appellant's point (3) is found to be without merit and is ruled against appellant.

The scope of review in these proceedings is the determination of whether the findings, conclusions and judgment of the trial court were clearly erroneous, *Burroughs v. State,* 590 S.W.2d 695, 697 (Mo.App.1979). It cannot be held, under the facts and circumstances of the instant case, that the findings, conclusions and judgment were clearly erroneous. The judgment, for the reasons set forth herein, is in all respects affirmed.

All concur.