**Ricky MILLS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53799.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 12, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Ilene A. Goodman, St. Louis, for appellant.

William Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Presiding Judge.

Movant re-appeals denial of post-conviction relief under former Rule 27.26. Movant's original appeal resulted in a remand for an evidentiary hearing. *Mills v. State*, 723 S.W.2d 71 (Mo.App.1986). Movant sought relief from consecutive sentences on five counts of armed robbery for the robbery of five patrons at the Peach Pit Tavern.

The direct appeal following jury trial, conviction and sentences was decided in *State v. Mills*, 671 S.W.2d 437 (Mo.App. 1984). The state offered evidence to prove defendant's guilt on the charged crimes consisting of: (1) two eyewitnesses who identified defendant; (2) a spontaneous statement made by the defendant to the arresting officer, "You've got me this time"; (3) recovery by the police at the scene of arrest of wallets and items of identification belonging to the victims; and, (4) testimony of Nicholas Paul Connell that prior to the date of the robbery he saw defendant in possession of nylon masks and a chrome derringer, implements used in the robbery. An arresting officer observed defendant attempt to dispose of the chrome derringer. The eyewitness testimony, possession of the stolen items, and the admission by defendant were direct evidence of guilt. Proof of the crimes and defendant's culpability did not depend solely upon the circumstantial evidence derived from the testimony of Nicholas Paul Connell.

Before the first appeal a motion court made findings of fact and conclusions of law and denied relief requested in a first amended motion for post-conviction relief. We were required by previous decisions to remand for further proceedings. We offered movant an opportunity to amend his first amended motion. Movant filed a second amended motion incorporating the allegations in the first amended motion and alleging further factual claims. The court held an evidentiary hearing. It considered testimony of movant, movant's trial counsel and the trial prosecuting attorney. We review findings of fact, conclusions of law and a judgment denying relief.

■ Movant first claims that the motion court failed to follow the mandate of Rule 27.26(i) which requires findings of fact on all well pleaded issues. Specifically, movant claims the court failed to rule on allegation four, that he was denied effective assistance of counsel because his attorney also represented codefendant Austin Gamble. Movant contends the motion court failed to rule on that allegation except by adopting findings of fact entered by the original motion judge who denied post-conviction relief before the first appeal. The original findings decided appellant was not prejudiced by any conflict of interest. By adopting that finding the court has responded to the allegations. All Rule 27.-26(i) requires is findings of fact which permit meaningful appellate review. *McCoy v. State,* 610 S.W.2d 708, 709 (Mo.App. 1981). No particular pattern or form is prescribed. The motion court adopted the findings of the prior judge in the same manner that movant adopted the allegations made in the first amended motion in his second amended motion. Accordingly, the motion court found, by reference, movant was not prejudiced by any conflict of interest when his attorney represented the codefendant. The record is sufficient to permit review of the finding.

■ The circumstances resulting in dual representation support the finding. Defendant's trial counsel was retained by his family. Defendant offered the court a negotiated plea. In that connection codefend-

ant Austin Gamble requested movant's counsel to also represent him when entering a plea of guilty to the charges. Subsequently, movant was permitted to withdraw his pleas of guilty. The codefendant did not testify at movant's trial. Movant cannot successfully claim prejudice for failure of his counsel to call the codefendant, who admitted participating in the crimes with defendant. Accordingly, the possibility of a conflict of interest is not established as an actual conflict. Movant cannot and did not show any actual prejudice resulting from a conflict of interest. The findings of fact of the motion court were responsive to this claim of ineffective assistance of counsel. Based upon these facts dual representation did not affect the adequacy of representation. In the absence of prejudice the ruling of the motion court was correct. *Seales v. State,* 580 S.W.2d 733, 736 (Mo. banc 1979).

■ Movant's second point is that the conflict of interest, if the court made the finding required by Rule 27.26(i), requires a new trial. This claim fails because movant did not and cannot show actual prejudice resulting from representation of movant and the codefendant for the limited purpose of the plea of guilty by codefendant. "Although [dual representation] often raises the potential of a conflict of interest, a dual representation does not as a matter of law establish ineffective assistance of counsel." *Harris v. State,* 609 S.W.2d 723, 724 (Mo.App.1980). In the absence of a claim and proof of an actual conflict resulting from prejudice to movant's rights, dual representation of a codefendant does not require a new trial. Defendant is entitled to faithful service and undivided loyalty from counsel. *Douglas v. State,* 630 S.W.2d 162, 164 (Mo.App.1982). Movant has not alleged and has not proven that representation of his codefendant by his counsel, only at a plea hearing associated with movant's plea hearing, deprived movant of undivided loyalty on the part of his attorney. Point denied.

■ Movant next claims that his counsel was ineffective for failure to object during trial to the identification testimony of two

eyewitnesses. Movant's counsel opined that it was sufficient to rely upon his pretrial motion to suppress this evidence. The motion was denied before trial. The basis of the motion was that the police told the witnesses before a lineup that they had "caught the robbers." Trial counsel believed the pretrial motion to suppress was adequate to preserve the claim of error. Clearly, the failure to object to the identification testimony when first offered during trial failed to preserve the issue. *State v. Mills*, 735 S.W.2d 197, 200 (Mo.App.1987). The testimony of movant's counsel on this point indicates counsel's misunderstanding of the law. The identification question was not preserved as a claim of error. The error lingered during movant's direct appeal when his trial counsel was appointed to handle the appeal. No error relating to suggestive pretrial procedures or admission of testimony of eyewitnesses was argued on appeal.

Movant has proven error. However, movant must also show a reasonable probability that, but for counsel's unprofessional error, the results of the proceedings *would* have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A failure to object to testimony may be, at most, trial error which does not warrant post-conviction relief. *Gant v. State*, 577 S.W.2d 142, 143 (Mo.App.1979); *State v. Morris*, 591 S.W.2d 165, 169 (Mo.App.1979). The burden of establishing a reasonable probability of a different result rests with movant to the degree of preponderance of the evidence. Rule 27.26(f); *McCrary v. State*, 529 S.W.2d 467, 470 (Mo.App.1975).

■ The trial court found this issue was not a proper matter for consideration under Rule 27.26. We disagree. Failure to object to the admission of damaging evidence solely because of a belief that the issue is preserved by a pretrial motion to suppress may be ineffective assistance of counsel. However, this is only true when movant also establishes a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would be different. We find movant has not met that burden on this issue. First,

the reliability of the identification testimony is supported by facts relating to opportunity to see and the witnesses' certainty. Second, there were other lines of proof which were independent of identification testimony. Movant was found guilty by a jury that also heard evidence consisting of movant's admission and possession by movant of items stolen in the robberies. Accordingly, the finding was correct, but for a different reason than that found by the trial court.

Movant makes two separate claims of ineffective assistance of counsel regarding failure of trial counsel to properly cross-examine Nicholas Paul Connell. At the time of movant's trial Connell was in the penitentiary because of an unrelated burglary. He was offered and he accepted a deal with the state which included testimony at the movant's trial. The trial prosecuting attorney testified that he informed movant's counsel of the deal. In addition, Connell had a number of prior convictions. Movant's counsel did not impeach Connell on either the deal or the prior convictions. The motion court found that movant's counsel adequately cross-examined Connell. The finding does not mention the failure to make use of the deal as a vehicle for impeachment. It does note the prior convictions. Movant claims that these failures were unjustified on any theory and cannot be excused as trial strategy.

Movant's counsel testified that he limited his cross-examination of Connell on the instructions of movant. Movant's counsel was aware that Connell had knowledge of other crimes committed by movant and Connell. He interpreted the instruction from movant. He believed movant was mindful of a risk of disclosure of other uncharged crimes.

■ Although the findings of the motion court deal expressly with failure to impeach on the basis of prior convictions and not with failure to impeach because of the witness agreement with the state, the findings were sufficient on both of these claims of error. First, the trial court incorporated previous findings on all issues. Second, the court made an affirmative finding that the cross-examination was sufficient to avoid the allegation of ineffective

assistance of counsel in the manner of cross-examination. Third, the justification or explanation regarding movant's instruction applies equally to both matters of impeachment.

■ These claims of error must fail for the further reason that the testimony of Connell was not required to support the convictions. The admission defendant made at the time of arrest and possession of the stolen items were independently sufficient to support the conviction.[1] In this context movant has failed to show by a preponderance of the evidence that failure to impeach on either the issue of prior convictions or a deal with the state resulted in a substantial deprivation of movant's constitutional right to a fair trial, *Thomas v. State*, 516 S.W.2d 761, 766 (Mo.App. 1974), or that the result of the proceeding would have been different. *Rainwater v. State*, 676 S.W.2d 310, 311 (Mo.App.1984). He must prove both. He failed to prove either one.

■ Movant's final claim of error is that counsel was ineffective for failure to object to hearsay testimony of a police officer. Detective Eichelberger testified that he learned from Nicholas Paul Connell that movant was involved in the robberies. Based on that information he arrested movant. Failure to object to this testimony on hearsay grounds was not ineffective assistance of counsel. The testimony was admissible to explain the action of Eichelberger in locating and arresting defendant. *State v. Calmese*, 657 S.W.2d 662, 663 (Mo.App. 1983). The failure of defense counsel to make an objection to testimony that is not in itself objectionable is not ineffective assistance of counsel. *Parcel v. State*, 687 S.W.2d 621, 624 (Mo.App.1985). Further, Connell was a witness in the trial.

We affirm.

SMITH and KELLY, JJ., concur.

---

**1.** The identification testimony was also sufficient. We do not rely on it here because of tne claim it should have been kept out by timely objection.