Roger E. LAMPHIER, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 41009.

Missouri Court of Appeals,
Western District.

June 20, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Richard E. McFadin, F.A. White, Jr., McFadin, White and Fincham, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and NUGENT and ULRICH, JJ.

ULRICH, Judge.

The appellant, Roger E. Lamphier, was found guilty by a jury of arson in the second degree (§ 569.050, RSMo 1986)[1] and burglary in the second degree (§ 569.-170), and was sentenced to seven years imprisonment and a $5,000 fine for the arson conviction, and a concurrent term of five years imprisonment for the burglary conviction. He appealed his convictions and sentences, and they were affirmed by this court. *State v. Lamphier*, 745 S.W.2d 166 (Mo.App.1987). Mr. Lamphier now appeals the denial, following an evidentiary hearing, of his Rule 29.15 motion to vacate the judgment and sentences. He contends that his trial counsel provided ineffective assistance by failing to seek a continuance of the trial when the trial court, over defense counsel's objection, permitted the state to call in its case-in-chief a newly discovered, previously unendorsed witness. The judgment is affirmed.

On the second day of trial, previously unknown and, therefore, undisclosed witness David Smith provided relevant information for the first time to the Clay County Sheriff. Both defense counsel and the assistant county prosecutor representing the state were informed and together they interviewed the prospective witness for fifteen to twenty-five minutes. Defense counsel was asked by the trial court if he wanted to interview the witness longer and whether he wanted more time to conduct an investigation. Defense counsel stated that he did not.

Over the objection of defense counsel, the state called David Smith as a witness the same day he was interviewed, and his testimony was incriminating. He testified that Mr. Lamphier had told him that he was going to set fire to a trailer and, after the fire, Mr. Lamphier told him that he had started the fire. He further testified that Mr. Lamphier later offered to pay him money to testify in his behalf.

After direct appeal affirming the convictions and sentences, Mr. Lamphier filed a Rule 29.15 motion seeking post-conviction relief. He testified at the Rule 29.15 hearing. He denied stating to the witness David Smith that he had planned to burn the trailer or that he had burned it just as he had testified at trial. He testified that Mr. Smith had been his employee, that he had fired him because he had been told that Mr. Smith was a "hothead," that Mr. Smith had assaulted a driver at a construction site, and that his trucks would not have been allowed to continue to operate on a specific construction site if Mr. Smith had continued to be his employee. Mr. Lamphier testified that the witness had threatened to "get even" with him because he had fired him.

Other witnesses at the Rule 29.15 hearing testified that they believed hostility existed between Mr. Smith and Mr. Lamphier, that Mr. Smith was "hotheaded," that Mr. Smith had worked for and had been fired by Mr. Lamphier, that Mr. Lamphier's trial

---

**1.** All references to statutes will be to Revised Statutes of Missouri 1986 unless otherwise stated.

counsel had not interviewed them, and that Mr. Smith's nickname was "dirty boy."

■ On direct appeal, this court addressed Mr. Lamphier's contention that the trial court abused its discretion by permitting David Smith, a newly discovered and previously unendorsed witness, to testify. *State v. Lamphier, supra.* An issue considered on direct appeal cannot be re-litigated in a post-conviction proceeding, even though a different theory is suggested. *O'Neal v. State,* 766 S.W.2d 91, 92 (Mo. banc 1989); *Mathenia v. State,* 752 S.W.2d 873, 875 (Mo.App.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 819, 102 L.Ed.2d 809 (1989). While this court will not entertain analysis of the issues determined on direct appeal, it does consider as a separate issue not previously addressed, the decision of Mr. Lamphier's trial counsel not to seek a continuance when informed by the court that it would permit the state to call a newly discovered, previously unendorsed witness.

To prevail on a claim of ineffective assistance of counsel, Mr. Lamphier must overcome the presumption of counsel's competence and demonstrate by a preponderance of evidence that (1) his trial attorney's performance was less than the standard of skill and diligence expected of a reasonably competent attorney rendering similar services under existing circumstances and (2) that such deficient performance prejudiced his case. Rule 29.15(h); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Rainwater v. State,* 770 S.W.2d 368, 369 (Mo.App., 1989). If Mr. Lamphier has failed to prove by a preponderance of the evidence that specific conduct of his trial attorney prejudiced his case, it is unnecessary to determine whether the same conduct was below the standard required of a reasonably competent attorney. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). The Missouri Supreme Court in the *Sanders* decision said:

A criminal defendant must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assist-

ance of counsel claim. In reviewing such a claim, courts are not required to consider both prongs; if a defendant fails to satisfy one prong, the court need not consider the other. And, a court need not determine the performance component before examining for prejudice. If it is easier to dispose of the claim on the ground of lack of sufficient prejudice, the reviewing court is free to do so. *Sanders,* 738 S.W.2d at 857, citing *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069–70.

■ In order to show sufficient prejudice to merit post-conviction relief on the basis of ineffective assistance of counsel, a movant must show a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Mills v. State,* 757 S.W.2d 630, 634 (Mo.App.1988). The Rule 29.15 hearing did not reveal substantial evidence, omitted at trial, that reasonably could have altered the outcome of Mr. Lamphier's case. The evidence provided at the Rule 29.15 hearing by witnesses who did not testify during the trial would have been relevant for the limited purpose of cross-examining David Smith. During Mr. Lamphier's trial, his counsel cross-examined Mr. Smith extensively about the incident that resulted in his termination from Mr. Lamphier's employment and the existence of hostility between Mr. Smith and Mr. Lamphier, among the same matters about which the Rule 29.15 witnesses testified. Had the Rule 29.15 hearing witnesses testified during the trial and corroborated Mr. Lamphier's testimony, their testimony would have been cumulative, and neither it nor use of the substance of their testimony to further cross-examine David Smith at trial reasonably could have altered the jury's guilty verdict.

Considering the evidence presented during the Rule 29.15 hearing and the trial evidence (including the identification of Mr. Lamphier by a witness who saw him at the arson scene when the fire started), Mr. Lamphier failed to establish by a prepon-

derance of evidence that his defense counsel's decision not to seek a continuance prejudiced his case. Therefore, it is unnecessary to determine whether his attorney's decision not to seek a continuance under the existing circumstances constituted a breech of the standard of skill and diligence expected of a reasonably competent attorney.

The standard for appellate review of post-conviction remedies is whether the court's findings, conclusions and judgment are clearly erroneous. Rule 29.15(j); *Driscoll v. State,* 767 S.W.2d 5 (Mo. banc 1989); *Sanders,* 738 S.W.2d at 857. The court's findings, conclusions and judgment resulting in denial of post-conviction relief to Mr. Lamphier are not clearly erroneous.

The judgment is affirmed.

All concur.