STATE of Missouri, Respondent,

v.

Delroy DOUGLAS, Appellant.

No. KCD 29331.

Missouri Court of Appeals, Kansas City District.

Oct. 30, 1978.

David M. Strauss, Public Defender, 13th Judicial Circuit, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Daniel F. Lyman, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, WELBORN, Special Judge, and PRITCHARD, J.

PRITCHARD, Judge.

Appellant, by the verdict of a jury, was found guilty of the crime of robbery in the first degree. Upon a finding that he was a second offender, the court sentenced him to 25 years confinement in the Department of Corrections, with credit for 241 days spent in jail before sentencing.

The sole point presented is: "The court erred in overruling the defendant's motion for a directed verdict at the close of the state's case because hearsay evidence was admitted over the timely objection of the defendant and said evidence was a crucial link in the state's identification of the defendant as the man who robbed Mr. Gersh."

■ Appellant made no timely objection to the evidence; he did not renew his motion for directed verdict after the close of the whole case, he having presented evidence after the state rested; he did not raise the point in his motion for new trial; and the motion for new trial was itself not timely filed.

The point, although the other evidence of guilt is overwhelming, will be reviewed under the plain error rule, Rule 27.20(c), inasmuch as it questions, basically, the sufficiency of the evidence to sustain the conviction. *State v. Dupree*, 477 S.W.2d 129, 130[1–3] (Mo.1972); *State v. White*, 439 S.W.2d 752, 753[1–2] (Mo.1969); *State v. Asberry*, 559 S.W.2d 764, 768[5] (Mo.App. 1977); and *State v. Covington*, 559 S.W.2d 78, 79[1] (Mo.App.1977).

The victim of the robbery, Charles Gersh, was visiting in Columbia, Missouri, where he met appellant in a bar. Appellant introduced himself as "Dale". The two men spent the evening together at various bars, and at one point conversed with a waitress, Millie Ortiguero. Gersh gave appellant a ride to a house at 314 Bryant Street, where appellant left for 3 to 5 minutes and returned to the car and got in on the passenger side. He pointed a pistol at Gersh saying, "Get moving", and subsequently relieved him of $37.00. Gersh made both a pre-trial and an in-court identification of appellant as the man who robbed him.

Millie Ortiguero identified appellant as the man she saw with Gersh in the bar. Her further testimony, here objected to as being hearsay going to identification, was this: "Q. [By Mr. Harper] Did you know what his name was or nickname? A. Not his real name. I didn't know it was Delroy. Q. At the time before the fifteenth? A. Uh-huh [affirmative]. I did not know his name but I thought maybe his name was Dale. I wasn't sure. Q. You didn't know his real name? A. That's what some people called him." The objection then followed.

■ The rule is well established that evidence of the name by which a person is known is not within the rule excluding hearsay evidence. *State v. Francies*, 295 S.W.2d 8 (Mo.1956); *State v. Pitchford*, 324 S.W.2d 684 (Mo.1959); *State v. Valentine*, 506 S.W.2d 406 (Mo.1974); Vol. II, Wigmore on Evidence, 3rd Ed., § 667(a). Thus, there was no error at all in admitting Millie Ortiguero's testimony as to the name by which appellant was known.

The judgment is affirmed.

All concur.