Delroy DOUGLAS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31942.

Missouri Court of Appeals,
Western District.

Jan. 19, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Feb. 16, 1982.

Application to Transfer Denied
April 13, 1982.

John B. Schwabe, Columbia, for appellant.

John Ashcroft, Atty. Gen., Henry T. Herschel, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

The petitioner Douglas appeals from denial of a Rule 27.26 motion to vacate conviction for robbery first degree [under then § 560.120, RSMo 1969] and sentence of twenty-five years imprisonment. The court appointed counsel, heard evidence, and denied the motion by a methodically formulated memorandum decision. The motion asserted, among other grounds, ineffective counsel at the trial for robbery, ineffective counsel on the direct appeal from the robbery conviction,[1] and sundry trial errors on the Rule 27.26 motion.

In limine to hearing on the Rule 27.26 petition, appointed counsel Schwabe moved the court for leave to withdraw as attorney for Douglas on the ground that his personal friendship with trial counsel Mack [impugned by the postconviction motion allegations] was such as could bias Schwabe against his own client and was such a conflict of interest as to be inimical to a proper administration of justice. The appointed counsel renewed the motion to the successor circuit judge after the judge who ruled the original request disqualified himself from the cause. That latter motion alleged the further ground that counsel Schwabe since became the subject of an allegation of ineffectiveness on the postconviction motion of another client so as to augment his sense of bias against the cause of client Douglas. There was allegation in each of the motions that the client Douglas nevertheless continued to express confidence in his professional services.

The transcript does not record the proceedings on the first motion. The evidence

---

1. The petitioner Douglas asserts ineffective counsel on the direct appeal of the robbery conviction by a separate Motion to Recall Mandate in *State v. Douglas*, 573 S.W.2d 79 (Mo. App.1978), our No. KCD 29331, which affirmed the conviction. Thus the issue is before us properly for decision in one posture or the other.

on the successive motion—heard on the day of trial—was confined to the new allegation that the professional service of attorney Schwabe himself to another client was since impugned by a Rule 27.26 motion. Counsel expressed his sense of quandary to the Court:

> "I told him [client Douglas] of my feelings toward Mr. Mack that he, to my knowledge, is the first black attorney who has been successful in Columbia . . . I have advised him of that and my feelings about making allegations against Mr. Mack.
>
> On the other hand, Mr. Douglas, my client, has advised me that he still has confidence in me. He initially told me I had a reputation, according to him, in the state penitentiary of being an outstanding attorney . . . ."

In the course of colloquy the court inquired and counsel responded [presumably in the presence of client Douglas]:

> Court: You say you have made full disclosure to your client of your association with Mr. Mack?
>
> Counsel: I certainly have, Your Honor.
>
> Court: And he wants you to continue?
>
> Counsel: Yes.

That concluded the presentation on the issue.

 The contention describes a qualm of counsel and not a conflict of interests. A criminal accused has the right under the Sixth Amendment to the assistance of counsel free from a divided loyalty. *Glasser v. United States*, 315 U.S. 60, 75[15], 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942). An attorney who represents interests in conflict with the interests of the accused, without his knowledge or consent, denies the client that fundamental right. *Ciarelli v. State*, 441 S.W.2d 695, 697[2] (Mo.1969). Thus, a conflict of interests once shown, prejudice to

the accused client is assumed. *State v. Crockett*, 419 S.W.2d 22, 28[11] (Mo.1967). The initial inquiry remains, however, whether a conflict of interest exists in fact. That must be shown by evidence. *State v. Johnson*, 549 S.W.2d 348, 350[2, 3] (Mo.App. 1977). The counsel for defendant rests contention of a conflict of interests not on evidence, but on argument. The prosecution does not contest the facts of the argument, so we assume them as true. Even so, the counsel for the defendant does not postulate a *per se* conflict of interests [as when a counsel for an accused also represents a prosecution witness—*State v. Cox*, 539 S.W.2d 684, 687[3] (Mo.App.1976)—or when a counsel represents multiple defendants who have adverse defenses—*LaFrance v. State*, 585 S.W.2d 317, 322[3] (Mo.App. 1979)], but a compunction that a personal friendship with the attorney whose services he must impugn will impair the unhampered professional judgment owed client Douglas. The conflict of interests disqualification applies only when counsel acts without the knowledge and consent of the client. *Ciarelli v. State*, 441 S.W.2d 695, 697[2] (Mo.1969). That rule of waiver appertains not only where counsel *represents* adverse principals in fact [*State v. Cox*, 539 S.W.2d 684, 687[3] (Mo.App.1976)] but also where a personal interest conflicts with the cause of the client.[2] The record shows a full disclosure by counsel to the client of the personal interest in attorney Mack—a subject matter of the litigation—and the consent by the client that counsel act nevertheless. The point is denied.[3]

 The petitioner complains next that the court erroneously denied a motion for continuance raised at the outset of the evidentiary hearing on the Rule 27.26 motion. The petitioner requested that subpoenas issue to enforce the attendance of witnesses

---

2. Supreme Court Rule 4, DR 5–101.

(A) *Except with the consent of his client after full disclosure,* a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or *personal interests.* [emphasis added]

3. The meticulous presentation of the postconviction petition, the pretrial motions, the briefs on appeal and oral argument—all attest to a punctilio of professional duty understood by counsel for movant Douglas, and kept.

Gardner and Ortiguero, among others. The process as to the two named was returned *non est.* The counsel for petitioner made an oral request to continue the cause to perfect service of process. The court refused the request because there was no assurance whether and when the witnesses could be produced in the absence of any other designated location for service. Rule 65.04 governs an application for continuance on account of the absence of witnesses or their evidence. The prescriptions of that rule are that the application show [among other recitals] the materiality of the evidence, a due diligence by the applicant to obtain both the evidence and the location of the witness, and also facts to induce a reasonable belief that the attendance of the witness will be procured within a reasonable time. The applicant failed on all grounds: the record does not disclose the materiality of the evidence of witnesses Gardner and Ortiguero [although the argument on the brief suggests what the defendant "hoped" that content would be], nor was there any suggestion when the evidence would be available nor that the applicant was diligent to locate the witnesses. [In fact, the address to which the sheriff was directed for service of the process on witness Gardner—presumably furnished by the movant—was nonexistent]. A trial court enjoys a broad discretion under Rule 65.04 to grant or withhold a continuance. That exercise will not be unsettled on appeal unless done arbitrarily under the circumstances. *Shelton v. Missouri Baptist Foundation,* 573 S.W.2d 121, 124[1–4] (Mo.App.1978). The contention is denied.

■ The next point contends that trial counsel Mack was ineffective for a spate of neglects: failure to consult sufficiently to elicit from movant all evidence favorable to the defense; to object to certain police testimony; to call alibi witnesses; to challenge two named veniremen, that a motion for continuance failed for want of a verification, and other kindred grounds. There was substantial evidence to contradict each of the factual contentions, and the others were refuted by the record itself—both as to a want of basis for objection or because

no prejudice resulted. *State v. Moon,* 602 S.W.2d 828, 837[17] (Mo.App.1980). The determination by the trial court that movant failed to meet the burden that counsel did not conform to the care and skill of a reasonably competent attorney in the rendition of the services was not clearly erroneous. *Seales v. State,* 580 S.W.2d 733, 735[3] (Mo. banc 1979).

The petition under Rule 27.26 alleged eleven separate grounds for relief which, in turn, subsumed seven subgrounds and fifteen subsubgrounds. The court ruled sixteen of the grounds [petition designations: A(i) and (ii), B, C(i)(a), (b), (c), (d), D, E, F, G, H, I, J(i) and (ii) and K] without evidence. Grounds A(i) and (ii), B, C(i)(a), (b), (c) and (d) impugned admission of certain evidence and the closing argument of the prosecution on that evidence.

■ They allege in composite that police testimony as to the silence of the movant after the *Miranda* warnings infringed his right against self-incrimination, that the prosecution argument on that evidence was constitutionally impermissible comment, that the prosecution argument misstated the police testimony and that the neglect of trial counsel to object to these trial events mark his ineffectiveness. These allegations identify neither the trial testimony nor the prosecution comment with the concision contemplated by Rule 27.26 and paragraphs 8 and 9 to the Rule Appendix. We assume sufficient pleadings and determine nevertheless that the record sustains the summary denial of the several contentions entered by the court: that the record of the criminal trial shows conclusively there was no police testimony as to a postarrest silence of the accused, nor a misstatement of evidence.

The proof was simply that an officer with a warrant in hand for the arrest of Douglas was admitted into the residence, advised Douglas he was in arrest under a warrant for robbery, and that the next thing that happened was that Douglas asked the date of the robbery. The officer responded it was September fifteenth—to which Doug-

las blurted that he was not even in Columbia on that date, but in St. Louis. The officer served the warrant, Douglas read the contents, and the officer administered the *Miranda* warnings. In the course of trial the defense presented witnesses to testify that the defendant was at a local theater on September fifteenth at about the time of the robbery. This evidence prompted the prosecution argument—in view of the Douglas admission to the police that he was in St. Louis on that date—that the defense testimony was not truthful. These allegations [as well as yet another: that there was no basis in the evidence for this prosecution comment, so that failure of counsel to object was another indicium of ineffective representation] are refuted conclusively by the record. The utterance by Douglas to the police—that on September fifteenth he was in St. Louis, not in Columbia—was spontaneous and voluntary, not a response to custodial interrogation or to an official initiative, and so not inadmissible under the *Miranda* principle. *Miranda v. Arizona*, 384 U.S. 436, 478, 86 S.Ct. 1602, 1629, 16 L.Ed.2d 694 (1966). It was open to the prosecutor to argue the effect of that admission, as of any other legitimate evidence. *State v. Henderson*, 530 S.W.2d 382, 384[1] (Mo.App.1975).

■ Grounds D and E allege that the elements of robbery were not proved beyond a reasonable doubt, and so the felony court was without jurisdiction to convict. We need say only that the trial transcript confirms what our opinion on direct appeal determined [*State v. Douglas*, 573 S.W.2d 79, 80[1] (Mo.App.1978)]: that the evidence of guilt was overwhelming.[4]

■ Ground F alleges that the trial court erroneously denied a Motion for Continuance because a composite drawing used by the police in investigation—but not as evidence at the trial—was not disclosed to the

defense until the day before the proceedings. That allegation of petition pleads trial error without constitutional dimension, and so not subject to a Rule 27.26 adjudication. *Booth v. State*, 491 S.W.2d 286, 288[3] (Mo.1973); Rule 27.26(b)(3).

■ Ground G of the petition alleges: "[m]ovant was unconstitutionally denied a fair jury trial in that only one member of his race was on the jury." The pleading does not allege a systematic exclusion of blacks in the jury selection process, or a denial of a fair cross-section of community representation, and so states no constitutional violation. *Swain v. Alabama*, 380 U.S. 202, 203, 85 S.Ct. 824, 826, 13 L.Ed.2d 759[1, 2] (1965); *State v. Montjoy*, 587 S.W.2d 624, 626[1, 2] (Mo.App.1979). The contention of pleading states no claim for relief and peremptory rejection was proper.

■ Grounds H and I of the Rule 27.26 petition allege the belief of the movant that the trial testimony of two prosecution witnesses was false. The allegations do not specify the quiddity of the falseness, nor that the prosecution knew that the evidence was sham but failed to make correction. *Coles v. State*, 495 S.W.2d 685, 687[4] (Mo. App.1973). The court correctly ruled the allegation against the movant peremptorily and without evidence.

■ Grounds J and K of the petition allege generally ineffective representation by counsel on appeal. We need not confront the antecedent question whether the appellate events the petition means to impugn are those within the competence of the trial court to determine on a motion under Rule 27.26 [*Morris v. State*, 603 S.W.2d 938 (Mo. banc 1980)] or are those within the unique competence of the appellate court to determine on a motion to recall mandate [*Hemphill v. State*, 566

---

4. The evidence was that victim Gersh registered at a Columbia motel and during the course of the evening visited a tavern where he met a person identified by Gersh as the defendant. They hopped from bar to bar. At the conclusion of that revelry, Gersh drove the defendant to a residence. When the defendant

returned to the car, he drew a pistol and took thirty-seven dollars from the person of the victim. Gersh positively identified the defendant as the person who robbed him. A waitress at a tavern also identified the defendant as the man in the company of the victim that night.

S.W.2d 200 (Mo. banc 1978)]. The allegations of the Rule 27.26 petition: "Any trial errors which Movant might have asserted on appeal were lost to him by the ineffective representation of (i) trial counsel in failing to preserve them (ii) his counsel on appeal in asserting only one error in briefing the appeal" are conclusions only and were properly dismissed without evidence.

Ground K remains. That recital of the postconviction motion alleged that Douglas was denied effective representation on appeal because of a conflict of interests between counsel Strauss and defendant Douglas, then his client. It was conceded fact that Strauss was on the prosecution staff at the time of conviction and that Strauss was thereafter on the brief for the defendant as a public defender on the direct appeal from that conviction. In the course of appeal, the defendant *pro se* moved to dismiss Strauss as counsel on the ground of conflict of interests, and we granted relief. Thereafter, the circuit court appointed counsel Mallory to represent defendant Douglas on the direct appeal of the robbery conviction. The case was argued by counsel Mallory four months later on the brief prepared by then counsel Strauss.

■ The postconviction trial court understood that *Hemphill* reserved to the court of review which rendered opinion the authority to determine contentions of ineffective performance of counsel on that appeal, and so withheld adjudication of Ground K of the Rule 27.26 motion. The later *Morris v. State*, 603 S.W.2d 938 (Mo. banc 1980) confined the compass of *Hemphill* to cases where the court of appeal enjoys a coign of vantage superior to that of the postconviction court to adjudicate a claim of ineffective performance of counsel on appeal. Our recent *Meaney v. State*, 629 S.W.2d 587 (1981) delineates the distinction:

> *Morris v. State* ... limited *Hemphill* to situations in which the appellate court retains unique knowledge necessary to the disposition of the claim. Where the appellate court does not retain unique knowledge necessary to the disposition of the claim of ineffective assistance or where an evidentiary hearing may be needed for the disposition, a 27.26 motion is the proper means of seeking relief.

A former prosecutor who defends on appeal a client for a conviction while the counsel served on the prosecution staff represents a conflict of interests. *State v. Boyd*, 560 S.W.2d 296, 297 (Mo.App.1977). Thus, on the conceded facts before the postconviction court the adjudication of a conflict of interests *per se* of counsel on appeal was foregone, as was the consequence of prejudice. *State v. Johnson*, 549 S.W.2d 348, 350[2, 3] (Mo.App.1977). In the context of the conceded evidence that means that the appeal of the defendant was prejudiced *per se* by the dual interests of counsel until our order of April 21, 1978. There remains the question whether any prejudice to the defendant on the appeal persisted from that representation *after* that date or, more precisely, whether the formulation of the appellate cause and oral argument [four months later] by successor counsel Mallory on the brief prepared by former counsel Strauss resulted in actual prejudice to the defendant. That exercise of judgment entails an assessment of the evidence, the cogency of the proof on the essential elements for conviction, the presumptive merit of points of error—colorable but not asserted—as well as the contents of the brief on which the appeal rests and the advocacy of the oral argument [recorded for our review as a matter of course]. The contention involves no controversy of fact or adjudgment of evidence suitable to a Rule 27.26 proceeding. The claim presented may be adjudicated only by a motion to recall mandate. *Morris* and *Meaney*, supra. The movant addresses us with just such a separate pleading, and our judgment issues by separate order.

The judgment on the Rule 27.26 motion is affirmed.

All concur.