Donald Ray JAMES, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 13952.

Missouri Court of Appeals,
Southern District,
Division Two.

July 1, 1985.

Motion for Rehearing and Transfer
to Supreme Court Denied
July 23, 1985.

Application to Transfer Denied
Sept. 10, 1985.

Willard B. Bunch, John Edward Cash, Kansas City, for movant-appellant.

William L. Webster, Atty. Gen., Mary Elise Burnett, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Movant sought to vacate convictions and sentences for felony stealing and assault occurring in Springfield. His motion under Rule 27.26 claimed "Ineffective assistance of Counsel: failure to investigate alibi defense."

At the hearing on his motion movant testified that he told his attorney before the trial that he was in Texas at the time the offenses charged occurred. His trial attorney testified that he did not recall whether he had been told that, but said that movant had not provided him with the names of alibi witnesses. The trial judge made findings stating he did not believe movant's testimony that he told the attorney that he was in Texas. He entered judgment denying the motion.

On appeal movant contends that it was clearly erroneous for the trial court to deny the motion. We hold otherwise. "The trial court's findings are clearly erroneous only if, after review of the entire record, the court is left with a definite and firm impression that a mistake has been made." *Lockett v. State*, 679 S.W.2d 337, 339 (Mo. App.1984).

 Movant had to establish his grounds for relief by a preponderance of the evidence. Rule 27.26(f). Appellate review is to determine whether the trial court's findings, conclusions, and judgment are clearly erroneous. Rule 27.26(j). Even if not directly contradicted, the trial judge can disbelieve testimony. *Mansfield v. State*, 625 S.W.2d 214, 215 (Mo.App.1981). Assessing the credibility of the witnesses was for the trial court. *Trimble v. State*, 588 S.W.2d 168, 170 (Mo.App.1979).

 The trial judge did not believe movant and was justified in that belief. His findings were supported by the evidence and not clearly erroneous.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.