**Thomas W. MADDOX, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 50388.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 3, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 9, 1986.

Application to Transfer Denied
Sept. 16, 1986.

William J. Shaw, Maria V. Perron, Clayton, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Paul LaRose, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from the denial, after an evidentiary hearing, of a Rule 27.26 motion. We affirm.

In January of 1981, defendant was convicted of burglary in the second degree and stealing a firearm. The convictions were affirmed by this court on direct appeal. *State v. Maddox,* 658 S.W.2d 74 (Mo.App. 1983). On July 11, 1984, movant filed a Rule 27.26 motion *pro se.* Counsel was appointed and duly filed an amended motion. An evidentiary hearing was held, the

court filed findings of fact and conclusions of law, and denied the motion.

On this appeal, movant asserts the court erred in overruling movant's contention he did not receive effective assistance of counsel due to a conflict of interest. It is alleged movant's trial counsel suspected movant of burglarizing counsel's home, and therefore had a personal interest opposed to that of his client.

Counsel's home had been burglarized some months before trial. While movant awaited sentencing, he was interviewed by a detective concerning some burglaries, including the one of defense attorney's home. Movant, at the 27.26 motion hearing, testified the detective told him his attorney believed movant had committed that burglary. Both the detective and the attorney denied this charge.

At movant's sentencing, movant stated his attorney suspected him of breaking into his home, and this suspicion was in the attorney's mind at the trial. The attorney said it was on his mind, and that when "an attorney is ripped off he looks at his client to see what might have transpired," but that he had no basis for any accusation of movant.

At the Rule 27.26 hearing the attorney testified he did not accuse movant or anyone else of the burglary, and he had no proof that movant was the burglar. He did not suspect movant any more than anyone else, and what little suspicion he had did not affect his judgment or representation of movant at this trial.

■ An accused is entitled to representation by counsel with undivided loyalty. Such representation is not provided by counsel with a conflict of interest, *Gordon v. State*, 684 S.W.2d 888, 890 (Mo.App. 1985), whether the conflict results from representation of an interest adverse to the accused, or whether the adverse interest is personal to the attorney. *Douglas v. State*, 630 S.W.2d 162, 164 (Mo.App.1982). The existence of a conflict of interest must be shown by evidence, *Id.*, and the burden of proof is on the movant to produce such

evidence. *James v. State*, 694 S.W.2d 890, 891 (Mo.App.1985).

■ A conflict of interest was not shown. It was established counsel's home had been burglarized, and counsel had a generalized suspicion of an apparently broad group of people. The court was not required to believe movant's testimony counsel specifically identified movant to the police as a suspect in the burglary of his home, *Id.* at [1, 2], but could believe movant's counsel's testimony he had no suspects, and did not accuse anyone of the crime. *Id.* The generalized concern of counsel established here did not rise to the level of an interest adverse to the interest of movant. *See Rogers v. State*, 650 S.W.2d 30, 32 (Mo.App.1983); *compare Douglas*, 630 S.W.2d at 164; *People v. Lewis*, 88 Ill.2d 429, 430 N.E.2d 994, 999, 58 Ill.Dec. 743, 749 (1981). The determination of the trial court there was no conflict of interest was not clearly erroneous. *Chastain v. State*, 692 S.W.2d 4, 5[1] (Mo.App. 1985).

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.