**STATE ex rel. Heidi Parker BURNS, Petitioner,**

v.

**The Honorable William S. RICHARDS, Respondent.**

**No. SC 88709.**

Supreme Court of Missouri, En Banc.

April 1, 2008.

G. Spencer Miller, Maryville, for petitioner.

Sydney F. Weybrew, Jr., Office of Prosecuting Atty., Oregon, for respondent.

STEPHEN N. LIMBAUGH, JR., Judge.

■ Relator, the defendant in a criminal case pending in Holt County, petitions this Court to prohibit Judge Richards from proceeding with the case because of his refusal to sustain defendant's motion to disqualify the prosecuting attorney. A writ of prohibition is an appropriate remedy where a judge's refusal of a motion to disqualify counsel amounts to an abuse of discretion. *State ex rel. Kinder v. McShane*, 87 S.W.3d 256 (Mo. banc 2002). Having determined that the refusal to disqualify the prosecuting attorney in this case was an abuse of discretion, the preliminary writ previously issued is now made absolute.

On August 7, 2006, then-defense attorney Syd Weybrew entered an appearance on behalf of relator in a felony criminal case in Nodaway County. Relator was accused of attempting to obtain generic methadone with a "false or forged prescription." Weybrew continued to represent relator until he withdrew on November 15, 2006, having already appeared on her behalf during a preliminary hearing and arraignment. Then, five months later, on April 10, 2007, Weybrew, acting in his capacity as the newly-elected prosecuting attorney of Holt County, filed a felony complaint against relator for possession of percocet, a controlled substance. The respondent judge, presiding over both matters, denied relator's motion to disqualify Weybrew in the Holt County case, and thereafter, the Court of Appeals, Western District, denied relator's petition for a writ of prohibition.

■ Relator's argument is that Weybrew has confidential information highly relevant to her defense in the Holt County case as a result of his work in her defense in the Nodaway County case, which involved substantially similar charges. To the contrary, respondent contends that he properly exercised his discretion in not disqualifying Weybrew because relator has not shown that any confidential information obtained by Weybrew in the Nodaway County case will be used in the Holt County prosecution.

Rule 4–1.9 of Missouri's Rules of Professional Conduct (Conflict of Interest: Former Client) provides that

A lawyer who has formerly represented a client in a matter shall not thereafter: (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation. . . .

Here, Weybrew's prosecution of the Holt County matter is prohibited because it is "substantially related" to the prosecution in Nodaway County. Both charges allege a violation of chapter 195, RSMo

2000, and both involve possession or attempting to obtain possession of controlled substances that otherwise are legal pharmaceuticals when prescribed by a physician. In addition, the state's interest in prosecuting relator, whether in Nodaway County or Holt County, is obviously "materially adverse" to relator's interest in defending against the prosecutions.

Rule 4–1.9, as applied in the context of criminal prosecutions, is, in effect, a partial codification of the overarching principle that "as a quasi-judicial officer, the prosecuting attorney must avoid even the appearance of impropriety." *State v. Ross,* 829 S.W.2d 948, 951 (Mo. banc 1992) (citing *State v. Boyd,* 560 S.W.2d 296, 297 (Mo. App.1977)). In *State v. Clampitt,* 956 S.W.2d 403 (Mo.App.1997), and *State v. Boyd,* the court of appeals reversed convictions because the trial court erred in refusing to grant a motion to disqualify where the prosecuting attorney had previously served as defendant's public defender in the same matter. In both cases, the court of appeals considered whether the prosecutor, to be disqualified, was required to have actual knowledge of facts that would prejudice the defendant in the later prosecution and correctly held that the defendant need not prove actual knowledge, prejudice, or *even actual impropriety. Clampitt,* 956 S.W.2d at 404; *Boyd,* 560 S.W.2d at 297–98.

An earlier case from this Court, *State v. Burns,* 322 S.W.2d 736 (Mo.1959), is also instructive. In *Burns,* counsel was hired to represent a defendant, but became the county's prosecuting attorney before the matter went to trial. Reversal was still required even though the case was assigned to an assistant prosecutor. *Id.* at 738. Though the prosecuting attorney revealed no client confidences to his assistant and attempted to seal himself off from the prosecution altogether, this Court held that

We shall not attempt to weigh or measure the actual prejudice in a case of this kind, and we do not consider a more specific showing of prejudice to be necessary. The acts were such as to infringe upon the generally recognized concepts of proper conduct of prosecuting officials. Specifically, the acts constituted a violation of Rule 4.06 prohibiting the representation of conflicting interests. We do not mean to attribute intentional misconduct to [the prosecutor]; but prosecuting officials, like Caesar's wife, ought to be above suspicion. *Id.* at 742 (internal citations omitted).

The unstated rationale of the foregoing cases is that prejudice must be presumed because of the concern that the prosecutor has obtained confidential information while representing defendant that can be used while prosecuting her. And although the foregoing cases are distinguishable to the extent that the prosecuting attorney had represented the defendant in the same matter, rather than in a substantially related matter, the principle behind the holdings applies nonetheless. Where, as here, the two matters in question have such close temporal proximity and similarity of subject matter, the appearance of impropriety is inherent, and a defendant need not plead the use of any confidential information, or show actual prejudice, in a prosecution by her former defense counsel. In this situation, the appearance of impropriety, without more, requires disqualification, and respondent abused his discretion in failing to order it.

For the foregoing reasons, the preliminary writ of prohibition is made absolute.

All concur.