**STATE of Missouri, Respondent,**

v.

**Sherman BOYD, III, Appellant.**

**No. KCD 28987.**

Missouri Court of Appeals,
Kansas City District.

Dec. 5, 1977.

Motion for Rehearing and/or Transfer
Denied Dec. 27, 1977.

Application for Transfer Denied
Feb. 9, 1978.

Clifford A. Cohen, Public Defender,
Charles M. Rogers, Asst. Public Defender,
Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert
Otto, Asst. Atty. Gen., Jefferson City, for
respondent.

Before PRITCHARD, P. J., and SWOF-
FORD, C. J., and DIXON, J.

SWOFFORD, Chief Judge.

The appellant (defendant) was convicted,
upon trial by jury, of assault with intent to
kill without malice (§ 559.190 RSMo 1969).
The sole point raised by defendant upon
this appeal is that the trial court erred in
overruling his motion to disqualify the assistant prosecuting attorney of Jackson
County who tried the case for the state
from participating in the prosecution because of a conflict of interest. Therefore,
the evidentiary facts and other facets of the
case need not be considered.

The offense for which the defendant was
tried and convicted occurred on November
13, 1975. An information was filed January
21, 1976 and on January 28, 1976 the defendant was arraigned, waived the reading
of the information and entered a plea of not
guilty. Upon this occasion he was represented by private counsel for the purposes
of arraignment only. On February 9, 1976,
this private counsel was permitted to withdraw and the Public Defender was appointed to defend, and that office represented
him thereafter.

While the record is not perfectly clear as
to the date, it was conceded that the defendant was represented at his preliminary
hearing by an Assistant Public Defender on
or about January 28, 1976.

At the trial of the case, which commenced on June 7, 1976, the defendant was
represented by Mr. William Lopez, also an
Assistant Public Defender.

At the time of the filing of the information, arraignment, and preliminary hearing, one Mark Bryant was also an Assistant Public Defender, leaving that office on March 1, 1976 and becoming an Assistant Prosecuting Attorney for Jackson County, Missouri, and he appeared as principal trial counsel for the state in the prosecution of the defendant below. It was upon the conceded fact of Mr. Bryant's previous connection with the Public Defender's office during the early stages of the defense that Mr. Lopez moved that he be disqualified from any connection with the prosecution of the case against the defendant because of conflict of interest.

Mr. Bryant categorically denied that he had any direct connection with or knowledge of the case during the period of time up to March 1, 1976 when he left the Public Defender's office and Mr. Lopez candidly admitted that he had no evidence to the contrary.

The above facts (here summarized) were developed in a pretrial *in camera* hearing at the conclusion of which the court below overruled and denied the defendant's motion to disqualify Mr. Bryant.

The issue here raised can be simply stated but presents complex considerations of law, ethics and judicial administration. Does a conflict of interest arise where an Assistant Prosecuting Attorney prosecutes a criminal case, the defense of which was undertaken by the Public Defender while such prosecutor was an Assistant Public Defender when he had no actual knowledge of defendant or of his case during that time? Or more precisely stated: Need *actual knowledge* of the case or the facts be shown to give rise to such conflict?

The court below, defense counsel, and indeed, this court, accept the statements of Mr. Bryant and his disclaimer of any knowledge of the defendant's case gained by reason of his connection with the defense organization and the lack of any showing of actual impropriety.

A prosecuting attorney is a quasi-judicial officer, an arm of the state, and he has the duty not only to see that the guilty are brought to justice but also that the innocent go free. A vital concomitant in the exercise of either function is to assure a fair trial and avoid impropriety in any prosecution. Equally important is the duty to avoid any *appearance of impropriety.* In the latter area there must be included as a meaningful component the strict avoidance of any appearance of conflict of interest, whether such conflict operates for the benefit of the state or the accused.

The Legislature has recognized the importance of requiring such high standards of conduct from prosecuting officials. By Section 558.310 RSMo 1969 (Laws 1889) it is made a misdemeanor for a prosecutor, having once engaged in the prosecution of a criminal case, to thereafter engage in the defense thereof. Sections 484.170, 484.180 RSMo 1969 (Laws 1889) make it a misdemeanor for counsel to defend a person criminally accused, prosecuted by his law partner, a prosecuting official. It will be noted that these statutory proscriptions, obviously directed against conflicts of interest, do not require any factual findings or showing of prejudice but are mandatory and automatic in their application.

The organized bar of Missouri is keenly aware of this principle. In Advisory Opinion No. 66 (subsequently renumbered No. 65) the Advisory Committee stated that a former Assistant Prosecuting Attorney is not permitted to accept employment in defense of a case which was pending while he held that office but which he did not pass upon, investigate or prosecute. 20 J.Mo.Bar 336 (1964).

It is also worthy of note that these statutory and ethical restrictions as to prosecutors are not couched in terms of prejudice to the accused or to the state but are rather directed to the public welfare and need that prosecutorial conduct be beyond reproach and the integrity of judicial proceedings remain beyond reproach, criticism or appearance of impropriety.

These statutes were passed and the Advisory Opinion issued before the legislative creation of Public Defenders. Chapter 600,

Laws 1972, p. 1035, Section 1, et seq. Both the Prosecuting Attorneys and the Public Defenders are tax-supported branches of the government and logic rejects the proposition that the one should be impressed with the public interest and the restraint of avoidance of conflict and not the other.

Respondent contends that this strict standard with reference to conflict of interest is inapplicable in this case due to the fact that Mr. Bryant acquired no *actual knowledge* of the defendant's case while Assistant Public Defender. Respondent, and the court below, apply an improper standard for the determination of this problem.

A case very similar and controlling in principle is *State v. Burns,* 322 S.W.2d 736, 742[6] (Mo.1959). In *Burns,* counsel was employed to defend the accused. Thereafter, and before trial, he assumed the office of Prosecuting Attorney and assigned one of his assistants to prosecute Burns. He revealed no confidences of his former client to his assistant and apparently divorced himself completely from the prosecution. Nevertheless, in reversing the conviction, the court held (l.c. 742):

> "We shall not attempt to weigh or measure the *actual prejudice* in a case of this kind, *and we do not consider a more specific showing of prejudice to be necessary.* The acts were such as to infringe upon the generally recognized concept of proper conduct of prosecuting officials. Specifically, the acts constituted a violation of Rule 4.06 prohibiting the representation of conflicting interests." (Emphasis supplied)

This principle is clearly and forcefully stated by the Supreme Court of Illinois in *People v. Gerold,* 265 Ill. 448, 107 N.E. 165, 177[13–15] (1914) in reversing a conviction where the prosecutor had previously advised the defendant on the same matter, l.c. 177:

> "* * * an attorney, on terminating his employment, cannot thereafter act as counsel against his client in the same general matter *even though while acting for his former client he acquired no knowledge which could operate to the*

*client's disadvantage* in the subsequent adverse employment. * * * If this is the rule in civil cases, the law will not be less strict in criminal proceedings, especially as to the duty in this regard resting upon counsel for the state. Such an officer is acting in a quasi-judicial capacity, and he and those associated with him should represent public justice * * *. *It is unnecessary that the prosecuting attorney be guilty of an attempt to betray confidence; it is enough if it places him in a position which leaves him open to such charge* * * *." (Emphasis supplied)

See also and compare: *Humble Oil and Refining Company v. American Oil Company,* 224 F.Supp. 909, 911[2] (E.D.Mo.1963), where it was held that a conflict of interest arose not only from work done on a legal matter but *access* to confidential information.

Mr. Bryant's employment as an assistant in the Public Defender's office during part of the time that such office acted as counsel for the defendant followed by his prosecution of the defendant in the same case as Assistant Prosecuting Attorney creates an apparent conflict of interest and appearance of impropriety inimical to the proper administration of criminal justice. The trial court erred in overruling defendant's motion to disqualify the assistant prosecutor.

Nothing herein is intended to reflect in any way upon the ethics or ability of the Assistant Prosecutor. No doubt exists that he acted in good faith in assuming his assigned task of representing the state in this case, but this situation should·be scrupulously avoided.

Appellant does not raise possible constitutional problems in this case, and such are not decided. It should be noted, however, that the situation here presented is fraught with constitutional implications involving due process. *State v. Burns, supra,* at l.c. 742. The right to due process and a fair trial include the essential element that there is no unfair advantage to the prosecution by reason of a prior professional relationship "between a member of its staff

and a criminal defendant concerning the same or closely related matter." *Branan v. State,* 316 N.E.2d 406 (Ind.App.1974).

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

All concur.