STATE of Missouri, Plaintiff–
Respondent,

v.

Robert CLAMPITT, Defendant–Appellant.

No. 71769.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 18, 1997.

David L. Simpson, Asst. Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty., Jefferson City, for plaintiff-respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Robert Clampitt (Defendant) appeals from judgment entered on a jury verdict finding him guilty of Second Degree Assault, First Degree Attempted Robbery, and Armed Criminal Action. He asserts the court erred in its failure to disqualify the assistant prosecutor on grounds of appearance of impropriety; and evidence was insufficient to prove

Attempted Robbery in the First Degree. We reverse and remand.

Prior to trial, Defendant's attorney, from the public defender's office, objected to the assistant prosecutor's participation in the trial. Defendant's attorney objected because the assistant prosecutor had represented Defendant in earlier proceedings involving the case at bar. The assistant prosecutor confirmed she had represented him when she was employed in the public defender's office. However, she assured the court she had never talked with Defendant. The court found no conflict of interest and no access to any privileged information and proceeded to trial.

In its brief, the State agrees the court erred in refusing to disqualify the assistant prosecuting attorney. Both parties rely on *State v. Boyd,* 560 S.W.2d 296 (Mo.App.1977).

In *Boyd,* the public defender's office represented defendant in his trial in which he was convicted of assault with intent to kill. The prosecutor had been employed at the public defender's office during the early stages of defendant's case. The prosecutor denied any knowledge of the case and no evidence of any impropriety was introduced. Nevertheless, on appeal the court found:

> [Prosecutor's] employment as an assistant in the Public Defender's office during part of the time that such office acted as counsel for the defendant followed by his prosecution of the defendant in the same case as Assistant Prosecuting Attorney creates an apparent conflict of interest and appearance of impropriety inimical to the proper administration of criminal justice. The trial court erred in overruling defendant's motion to disqualify the assistant prosecutor ....this situation should be scrupulously avoided. *Id.* at 298.

■ The *Boyd* court stressed that there need not be a showing of actual knowledge of the case by the attorney in question, nor a specific showing of prejudice, nor a showing of actual impropriety for the court to grant a new trial. *Id.* "As a quasi-judicial officer, the prosecuting attorney must avoid even 'the appearance of impropriety.'" *State v. Ross,* 829 S.W.2d 948, 951 (Mo.banc 1992) citing *State v. Boyd,* 560 S.W.2d at 297.

■ In this case, we find that the assistant prosecutor's representation of Defendant as a public defender early in the case, creates an apparent conflict of interest and the appearance of impropriety. We agree with both parties that the trial court erred in refusing to disqualify the assistant prosecuting attorney and that a new trial is warranted.

Finally, Defendant argues the evidence presented was insufficient to prove Attempted Robbery in the First Degree as there was no evidence of his intent to rob Jackie Baldwin. Defendant does not appeal from the judgments entered upon jury verdicts finding him guilty of Second Degree Assault and Armed Criminal Action against Baldwin.

We must accept as true all evidence favorable to the State, as well as all inferences drawn from the evidence. *State v. Dulany,* 781 S.W.2d 52, 55 (Mo.1989). We must disregard all contrary evidence and inferences. *Id.* Our review is limited to a determination of whether evidence was sufficient for a reasonable juror to find Defendant guilty beyond a reasonable doubt. *Id.*

■ To be found guilty of attempt, the accused must have: (1) the purpose of committing some offense, and (2) have taken a substantial step toward its commission. *State v. Blaney,* 801 S.W.2d 447, 449 (Mo. App.1990). The State charged Defendant with attempting to commit first degree robbery in that he "went to the house of Jackie Baldwin armed with a firearm with the intent to forcibly steal U.S. Currency in the possession of Jackie Baldwin and in the course thereof, defendant was armed with a deadly weapon." In this case, the State presented a statement made by Defendant in which he stated he and Charlie Abney and two other people discussed robbing Baldwin to get some money. Abney said Baldwin carried a lot of money because he needed cash to buy cars at auctions. Several evenings later, Abney arrived at Defendant's home. Defendant had been smoking pot and drinking beer. He asked Abney how they could make some money. Abney suggested robbing Baldwin again. Defendant hesitated because he feared Baldwin carried a gun, and he did not

know where he lived nor what his neighbors were like. Abney said he would take Defendant to Baldwin's home, and suggested he take a gun. Defendant took a gun, and they drove in Abney's truck to Baldwin's home. At Baldwin's home, Defendant got out and snuck up to the house carrying the gun. While hiding behind Baldwin's home, Defendant saw Baldwin through the window, fired two shots, heard Baldwin scream, and fled with Abney in the truck.

Based upon the above evidence, a reasonable juror could have found, beyond a reasonable doubt, that Defendant had the intent to rob Baldwin, and took a substantial step toward commission of the robbery. Thus under *Blaney,* there was sufficient evidence to find Defendant guilty of attempted robbery. Point denied.

Due to our disposition of Defendant's first point, the judgment is reversed and remanded for further proceedings consistent with this opinion.

SIMON and HOFF, JJ., concur.