

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| CHARLES NAPPER, JR., | ) | No. ED111129 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Mark H. Neill |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: November 28, 2023 |

### Introduction

Charles Napper, Jr. ("Movant") appeals the motion court's judgment after it overruled his amended Rule 24.035 post-conviction relief motion following an evidentiary hearing.[1] In his sole point on appeal, Movant alleges the motion court clearly erred in overruling his amended motion because the circuit court erred in denying his motion to withdraw plea counsel ("Counsel") from representing him due to a conflict of interest. Movant claims Counsel's representation created an actual conflict warranting her disqualification because Counsel was employed by the City of St. Louis Circuit Attorney's Office ("CAO") when he was charged with first-degree murder and armed criminal action, but Counsel represented him on those same charges after Counsel left the CAO and began working for the Missouri State Public Defender System ("MSPD"). Because

---

[1] All Rule references are to the Missouri Supreme Court Rules (2018), unless otherwise indicated.

Counsel did not have an actual conflict of interest, the motion court did not err in overruling Movant's claim. Point I is denied. The circuit court's judgment is affirmed.

**Factual and Procedural History**

In 2009, Counsel was employed as an assistant circuit attorney with the CAO. In June 2016, Movant was indicted on one count of first-degree murder and one count of armed criminal action for shooting a man inside a market in the City of St. Louis. Assistant Circuit Attorney R.G. entered her appearance on the State's behalf. Movant was represented by a public defender.

Counsel's employment with the CAO ended on May 4, 2017, because she refused to charge a case she believed was unsupported by the evidence. Counsel began working for the MSPD on June 16, 2017. Counsel was assigned Movant's case shortly after joining the MSPD. Counsel reviewed the assignment for conflicts because Movant's prosecution was initiated while she was employed with the CAO. Counsel's review included determining whether she had any knowledge of the facts, if she participated in any way, or heard conversations about the case. Counsel reviewed the discovery and Case.Net entries to determine if she filed any pleading or performed any work on Movant's case while employed with the CAO. Counsel did not recall ever speaking to R.G. or any other CAO employee about Movant's case and disavowed participating in any aspect of Movant's case while employed with the CAO. Counsel entered her appearance on Movant's behalf on June 20, 2017.

During an initial meeting between Counsel and Movant, Counsel disclosed to him she was a former assistant circuit attorney and discussed the circumstances surrounding her move to the MSPD. Counsel reviewed the State's discovery with Movant and spoke to him about possible

2

defenses they could present, including self-defense and lesser-included offenses. Counsel met with Movant at least six times or more to prepare for trial.

In January 2018, Movant's trial commenced. Assistant Circuit Attorneys R.G. and R.S. represented the State. After a jury was selected, Counsel informed the circuit court Movant requested she withdraw her representation and sought a continuance to hire a private attorney. The circuit court asked Counsel whether any conflicts of interest developed in her professional relationship with Movant, to which Counsel replied, "I do not believe so, no." The circuit court asked Counsel if there were any ethical considerations she felt would bar her from representing Movant, to which Counsel responded, "I don't believe so." The circuit court also questioned Movant, who stated he did not feel Counsel was well prepared for trial because he did not have a pretrial hearing and no witnesses were deposed. Regarding the conflict of interest, Movant stated, "I don't know if she tried murder cases on the defense side, but I do . . . understand she was a prosecutor, and I think . . . it would be better that I had a defense attorney who is experienced on the defense side more." Movant pointed out most of Counsel's trial experience was as a prosecutor. Movant expressed his concern about Counsel having "a personal vendetta" against the CAO because of how her employment ended. The circuit court found Counsel did not have a conflict of interest and overruled Movant's request to continue the trial to hire a private attorney.

Later that day, Movant agreed to plead guilty to second-degree murder and armed criminal action. When the circuit court undertook its plea colloquy, Movant initially indicated he had enough time to speak to Counsel, but later stated he did not have sufficient time given his request for a continuance to hire a private attorney. Movant denied Counsel made any threats or promises to induce him to plead guilty. When asked if he was pleading guilty voluntarily, Movant stated, "I'm pleading guilty because I think it's the best I can do right now." The circuit court sentenced

Movant to twenty-five years' imprisonment on both counts, to run concurrently. During the sentencing hearing, Movant stated he had no complaints about Counsel's representation. When asked if he had anything else he wished to tell the circuit court about Counsel's representation, Movant said, "No."

On May 25, 2018, Movant timely filed his *pro se* Rule 24.035 motion for post-conviction relief. The motion court appointed counsel who filed a timely amended motion, raising one claim alleging the circuit court abused its discretion in overruling Movant's request to withdraw counsel because Counsel's representation created an actual conflict of interest warranting disqualification, despite her disavowal of any actual impropriety or knowledge of Movant's case during her CAO employment. In the same claim, Movant argued Counsel was ineffective because her representation created an actual conflict of interest adversely affecting her performance and resulted in Counsel coercing Movant into pleading guilty due to him losing confidence in Counsel's ability to provide competent representation. The motion court granted Movant an evidentiary hearing on this claim.

Movant and Counsel testified at the evidentiary hearing.[2] After the evidentiary hearing, the motion court issued its findings of fact, conclusions of law, and judgment overruling Movant's amended motion. The motion court found Counsel had no conflict of interest, and therefore, did not render ineffective assistance of counsel. Movant appeals.

**Standard of Review**

This Court's review of a Rule 24.035 post-conviction relief motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous."

---

[2] Movant was not present at the evidentiary hearing when Counsel testified due to technical difficulties in securing his appearance via video conferencing. The parties took Movant's deposition and submitted it on the record in lieu of live testimony.

Rule 24.035(k). "A motion court's findings are presumed correct, and we will overturn the ruling only if we are left with a definite and firm impression that a mistake has been made." *James v. State*, 462 S.W.3d 891, 893 (Mo. App. E.D. 2015) (quoting *Nichols v. State*, 409 S.W.3d 566, 569 (Mo. App. E.D. 2013)). Movant must prove claims "by a preponderance of the evidence." Rule 24.035(i). Ordinarily, when raising an ineffective assistance of counsel claim, the movant must allege facts, not refuted by the record, showing "counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney," resulting in prejudice to the movant. *Jackson v. State*, 660 S.W.3d 679, 682 (Mo. App. E.D. 2023) (quoting *Matthews v. State*, 175 S.W.3d 110, 113 (Mo. banc 2005)); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**Discussion**

*Point I: Conflict of Interest*
*Party Positions*

In his sole point on appeal, Movant alleges the motion court clearly erred in overruling his amended motion because he demonstrated by a preponderance of evidence the circuit court erred in denying his motion to withdraw Counsel's representation due to an actual conflict of interest. Movant contends he raised the actual conflict with the circuit court in his motion to withdraw Counsel's representation, hence he did not waive the conflict. Movant concedes Counsel's disavowal of any actual impropriety or knowledge of his case while employed at the CAO "arguably [may] have fended off any subsequent allegations that her representation violated Missouri's Rules of Professional Conduct." Yet, Movant argues Counsel's representation garnered an appearance of impropriety and doubt in the fairness of the proceedings warranting reversal of the motion court's judgment.

The State argues the motion court's judgment should be affirmed for three reasons. First, the State alleges Movant is asserting a non-cognizable claim of circuit court error in a postconviction proceeding. Second, the State argues Movant waived this claim by subsequently entering a guilty plea and allowing Counsel to represent him for months after being informed of the potential conflict. Third, the State contends Counsel had no actual conflict of interest because she was unaware of Movant's case while employed by the CAO.

*Cognizable Claim*

Movant alleges the motion court clearly erred in overruling his amended motion because he demonstrated by a preponderance of evidence the circuit court erred in denying his motion to withdraw Counsel's representation due to an actual conflict of interest. Movant's conflict of interest claim, framed as a circuit court error, is not cognizable on direct appeal; instead, this claim must be raised as a claim of ineffective assistance of counsel under Rule 24.035. *DePriest v. State*, 510 S.W.3d 331, 342 (Mo. banc 2017) (citing *State v. Nettles*, 481 S.W.3d 62, 68 (Mo. App. E.D. 2015)). "[T]he movant must plead facts from which the motion court could find that counsel acted under an actual—not merely potential—conflict of interest that adversely affected the adequacy of counsel's representation." *DePriest*, 510 S.W.3d at 341. *DePriest* explained when applying the *Strickland* prejudice prong:

> Prejudice is presumed, not only because the right to unconflicted counsel is an essential aspect of the Sixth Amendment right to counsel but also because a requirement that the movant plead and prove actual prejudice in the normal *Strickland* sense would be impossible to meet in most (if not all) cases in which counsel had an actual conflict of interest.

*Id*. at 338–39. Movant's conflict of interest claim was cognizable in his Rule 24.035 proceeding.

6

*Waiver*

The parties next dispute whether Movant waived his actual conflict of interest claim. Initially, the State argues Movant waived this claim by subsequently entering a guilty plea, citing *Smith v. State*, 972 S.W.2d 551, 556 (Mo. App. S.D. 1998) and *Berry v. State*, 214 S.W.3d 413, 416 (Mo. App. S.D. 2007), both which hold a movant waives all errors, defects, and non-jurisdictional claims, including actual conflict of interest claims, upon pleading guilty.[3] Yet, in *DePriest*, the most recent Missouri Supreme Court case to address actual conflicts of interest after a guilty plea, the Supreme Court addressed the merits of the movants' actual conflict of interest claims rather than offering the analysis found in *Smith* and *Berry* to find the guilty pleas waived the claim. *DePriest*, 510 S.W.3d at 337–342. This Court must follow the most recent precedent from the Missouri Supreme Court. *Mann v. State*, 475 S.W.3d 208, 213 (Mo. App. E.D. 2015); Mo. Const. art. V, sec. 2. Accordingly, this Court declines to follow *Smith* and *Berry* to find Movant waived his actual conflict of interest claim by pleading guilty given *DePriest*'s analysis.

Alternatively, Movant contends he did not waive his conflict claim because he raised Counsel's actual conflict with the circuit court in his motion to withdraw Counsel's representation at trial. Movant claims by raising the issue, he put the circuit court on notice of the conflict, which prompted the circuit court to conduct an inquiry Movant believes resulted in the disclosure of an actual conflict of interest from which prejudice may be presumed. The State disagrees, arguing Movant allowed Counsel to represent him for months after being informed of her prior employment with the CAO and only sought her disqualification on the day of trial after a jury was selected. This Court need not resolve this waiver question because assuming, without deciding,

---

[3] *Smith* reached the merits of the movant's conflict claim before finding waiver was an additional ground upon which to deny the claim. *Smith*, 972 S.W.2d at 554–56.

Movant's claim was not waived, he cannot demonstrate Counsel had an actual conflict of interest warranting relief.

*Actual Conflict*

Movant argues Counsel had an actual conflict of interest in representing him after being employed with the CAO when charges were initiated against him. The Sixth Amendment to the United States Constitution guarantees defendants the right to the assistance of counsel, which "includes the right to be represented by counsel that is free from conflicts of interest." *State v. McEntire*, 551 S.W.3d 481, 485 (Mo. App. E.D. 2018). "When a potential conflict of interest comes to the trial court's attention, the trial court has an affirmative duty to inquire into the conflict." *Id*. "When the trial court finds no conflict, its inquiry ends. However, if the court finds an actual conflict or serious potential for conflict, the court has a subsequent obligation to either disqualify counsel or to inquire regarding the defendant's waiver of the conflict." *Id*.

Here, the circuit court conducted an inquiry immediately after Counsel raised Movant's concern regarding her potential conflict of interest and determined no conflict existed. Movant concedes Counsel's disavowal of any actual impropriety or knowledge of his case while employed at the CAO may not have violated Missouri's Rules of Professional Conduct. Instead, Movant argues Counsel's representation garnered an appearance of impropriety and doubt in the fairness of the proceedings warranting reversal of the motion court's judgment.

"[Movant] may not rely on the Rules of Professional Conduct, but the Court's analysis of his claim must begin with those rules." *State v. Lemasters*, 456 S.W.3d 416, 421 (Mo. banc 2015). Rule 4-1.11 governs conflicts arising from prior and current representation by "public officers or employees." *Id*. Rule 4-1.11(a) addresses "conflicts arising from prior representations by *former* public officers or employees" and Rule 4-1.11(d) addresses "conflicts arising from prior

representations by *current* public officers or employees." *Id*. (emphasis in original). Both provisions must be examined here because they apply to both CAO and MSPD employees. *Id*.

Rule 4-1.11(a) states:

> Except as law may otherwise expressly permit, a lawyer who has formerly served as a public officer or employee of the government:
>
> (1) is subject to Rule 4-1.9(c); and
>
> (2) shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation.

Movant presented no evidence Counsel "participated personally and substantially as a public officer" in Movant's case while she was employed with the CAO to prove she violated Rule 4-1.11(a). The Court must also consider Rule 4-1.11(d) "because, even though [Counsel] was a former governmental attorney due to her employment as the [CAO], she also was a current 'public officer or employee' due to her employment at the [MSPD]." *Lemasters*, 456 S.W.3d at 421–22. Rule 4-1.11(d) prohibits a current governmental attorney from representing the government in a matter in which the lawyer "participated personally and substantially *while in private practice or nongovernmental employment*." *Id*. at 422 (emphasis in original). Because Counsel was a CAO employee when Movant's case was initiated, she was not in private practice or nongovernmental employment, and therefore, had no conflict under Rule 4-1.11(d). *Id*.

Here, Movant argues Counsel's disqualification is based on his constitutional right to a fair trial because Counsel's representation garnered an appearance of impropriety and doubt in the fairness of the proceedings. An attorney's conflict of interest may arise not only from the Rules of Professional Conduct "but also pursuant to the defendant's 'constitutional right to a fair trial'" under the appearance of impropriety test. *State ex rel Gardner v. Boyer*, 561 S.W.3d 389, 396

9

(Mo. banc 2018) (quoting *Lemasters*, 456 S.W.3d at 422). "[T]he key to the appearance of impropriety test is whether 'a reasonable person with knowledge of the facts would find an appearance of impropriety and doubt the fairness of the trial' to the defendant in the case." *Id.* at 396–97 (quoting *Lemasters*, 456 S.W.3d at 423) (emphasis omitted)). "That said, an appearance of impropriety judged only from the defendant's perspective cannot be sufficient for relief. Instead, the touchstone for claims that present a real threat to the apparent fairness of the system is what knowledge of all the facts and circumstances would suggest to a reasonable person." *Lemasters*, 456 S.W.3d at 423.

Movant cites several Missouri cases to support his argument Counsel's CAO employment and subsequent MSPD representation created an appearance of impropriety warranting reversal. *See State v. Burns*, 322 S.W.2d 736, 741–42 (Mo. 1959) (finding a conflict existed when defense counsel represented the defendant before becoming the county's elected prosecutor and participating in prosecuting the defendant's case); *State v. Clampitt*, 956 S.W.2d 403, 404–05 (Mo. App. E.D. 1997) (finding a conflict existed when the assistant prosecutor previously represented the defendant in earlier proceedings before becoming an assistant prosecutor); and *State ex rel. Burns v. Richards*, 248 S.W.3d 603, 604–05 (Mo. banc 2008) (finding a conflict existed when defense counsel represented the defendant in charges arising in one county and after becoming a prosecutor in a different county initiated related charges against the defendant). These cases are distinguishable because the attorney participated personally and substantially in the defendant's defense before undertaking prosecutorial duties against that same defendant. Movant presented no evidence Counsel participated personally and substantially in his case while employed by the CAO.

10

Movant also relies on *State v. Boyd*, 560 S.W.2d 296 (Mo. App. K.C.D. 1977), in which a defendant represented by the MSPD sought to disqualify the assistant prosecuting attorney trying his case who previously was employed with the MSPD while defendant's case was pending. *Boyd*, 560 S.W.2d at 296–97. The assistant prosecuting attorney "categorically denied that he had any direct connection with or knowledge of the case" while employed with the MSPD and defendant's current counsel "candidly admitted he had no evidence to the contrary." *Id*. at 297. The Western District framed the issue to be resolved as whether actual knowledge of the case or the facts needed to be shown to give rise to a conflict of interest, especially when the potentially conflicted attorney disavowed any knowledge of the case through the prior employment and there was no showing of any actual impropriety. *Id*. The court concluded a showing of actual knowledge and actual impropriety were unnecessary based on *Burns* and a prosecutor's duties as quasi-judicial officers to "assure a fair trial and avoid impropriety in any prosecution," "avoid the appearance of any impropriety," and adhere to "strict avoidance of any appearance of conflict of interest . . . ." *Id*. Movant further cites *Douglas v. State*, 630 S.W.2d 162, 167 (Mo. App. W.D. 1982), which relied on *Boyd*, to hold "[a] former prosecutor who defends on appeal a client for a conviction while the counsel served on the prosecution staff represents a conflict of interest."

This Court declines to apply *Boyd* and *Douglas* to find a conflict of interest exists here. Both of these cases found a conflict of interest arose from the mere employment at the former governmental agency's office without showing any representation, prior knowledge or personal, substantial participation in contrast to the other cases upon which Movant relies. Further, our Supreme Court in *Lemasters* articulated the appropriate appearance of impropriety test to apply when analyzing whether a conflict of interest exists: examine whether a person with knowledge of all of the facts and circumstances would find an appearance of impropriety and doubt the

11

fairness of the trial. *Lemasters*, 456 S.W.3d at 423. We reiterate we must apply the Supreme Court's recent precedent when analyzing this claim. *Mann*, 475 S.W.3d at 213. Accordingly, this Court must apply the *Lemasters* appearance of impropriety test, which is not reflected in *Boyd* and *Douglas*.

Movant presented no facts demonstrating an appearance of impropriety or casting doubt on the fairness of his proceeding. Counsel testified at Movant's trial and the evidentiary hearing she had no knowledge of, nor did she participate in, any aspect of Movant's case during her CAO employment. Counsel disavowed speaking to any CAO employee or hearing any information about Movant's case before she left the CAO to join the MSPD. Counsel testified how she carefully examined Movant's case file after it was assigned to her for any potential conflict. Movant alludes to the fact Counsel "might have had a 'subliminal reluctance' to attack" the CAO regarding the plea offer or the sentencing recommendation because she knew from whom the plea offer came and what considerations were likely involving in arriving at the offer. Movant further speculates, but does not prove, Counsel "might have more readily acquiesced to the plea offer as is, rather than make a counteroffer." While Movant relies on *Douglas* to argue he need not offer proof of these items to demonstrate he was affected adversely by Counsel's performance, *Lemasters* requires this Court to examine facts and circumstances as viewed by a reasonable person, not Movant's surmises about Counsel's unsubstantiated subconscious state of mind.

Under these facts and circumstances as viewed by a reasonable person, this Court finds Counsel's representation did not create an appearance of impropriety. The motion court did not err in overruling Movant's claim because Counsel did not have an actual conflict of interest warranting her disqualification and she could not be found ineffective due to that conflict. Point I is denied.

**Conclusion**

The motion court's judgment is affirmed.

_____
Philip M. Hess, Judge

Robert M. Clayton III, P.J. and
Cristian M. Stevens, J. concur.